The People of the State of Illinois, Plaintiff, v. Donald Ring, Defendant.

Gen. No. 67–51.

Fifth District.

November 28, 1967.

Robert D. Albright, of Salem, for appellant.

William E. Hall, State's Attorney, of Salem (William P. Crain, Assistant State's Attorney, of counsel), for appellee.

MORAN, P. J.

This is an appeal from a judgment of the Circuit Court of Marion County, Illinois, finding the defendant guilty of the crime of burglary, and from the sentence imposed by the court on that judgment.

The defendant was charged with burglary of the Langenfeld Motor Company, Centralia, Illinois. The State's first witness was Charles Linder, an employee of the West Side Motor Company, a business firm in the same city. He testified that on the night of the alleged crime he saw one William Dugger attempting to gain entry into the West Side Motor Company. According to the testimony, Dugger, upon being discovered, got in the passenger side of a 1956 Oldsmobile with a light top and dark bottom,

bearing Missouri license plates, and having taillights which flickered.

The next witness was the Sheriff of Clinton County, who testified that he received a radio report of this incident and shortly thereafter stopped a car fitting the above description. The driver of the car was William Dugger and the defendant was a passenger. There was one television set in the back seat and three more in the trunk. The Sheriff testified that the defendant at first stated that he had purchased the television sets from a stranger, but later admitted that he had taken them. The State's last witness, a partner of Langenfeld Motor Company, testified that his firm owned the sets and that they were missing from his place of business.

The defendant then took the stand in his own behalf. He related that he had received approximately $135 in cash that morning from his employer. The testimony of the employer substantiated this. He further related that he had been drinking beer in St. Louis most of the afternoon and he and Dugger went to Centralia where the defendant intended to visit his sister. His testimony indicated that upon arriving in Centralia he was intoxicated and thus unable to visit his sister. He stated that he stopped at a coffee shop (across the street from Langenfeld Motors) where he was approached by a stranger who offered to sell the four television sets for $100. The defendant states that he paid the $100, transferred the sets from the stranger's car to his car, and left Centralia to return to St. Louis. He also testified that during this transaction Dugger was "passed out" in the car and that shortly after leaving Centralia he awoke Dugger who took over the driving. This occurred shortly before they were stopped by the Sheriff.

During cross-examination the Assistant State's Attorney asked the defendant: "Have you ever been convicted of a felony?" The defendant's counsel objected and

the objection was sustained. The jury found the defendant guilty and he was sentenced to the penitentiary for not less than six years nor more than twenty years.

The defendant first contends that a new trial should be granted on the grounds that the reference to a prior felony conviction was prejudicial error. Defendant relies on Levinson v. Fidelity & Casualty Co. of New York, 348 Ill 495, 181 NE 321, wherein questions were asked of one of the defendant's witnesses relating to the witness's past. These questions included references to prior arrests, trials, etc. The court held that even though the objections to the question were sustained, they were improper and highly prejudicial.

The State, in its brief, admits that the question was improper but denies that it was prejudicial. The State contends that there was no indication that the jury was or was likely to be prejudiced against the defendant. Referring to the Levinson case, the State admitted that if it had continued in the improper line of questioning, then the jury might have been prejudiced, but that the one question in itself, did not so prejudice. The State also relies on the case of People v. Cichon, 320 Ill 111, 150 NE 647, in which the State's Attorney asked the defendant if he had ever been previously arrested. An objection was sustained. The court stated: "We do not see how it can reasonably be claimed that defendant was prejudiced by the State's Attorney asking a question which he should not have asked . . . but which the court did not permit the witness to answer. . . ." Id. at 116.

It is the rule in Illinois that proof of a prior conviction of an infamous crime for the purpose of impeaching the defendant's testimony shall be by the record of conviction or on authenticated copy of the record. People v. Moses, 11 Ill2d 84, 142 NE2d 1; People v. Bennett, 413 Ill 601, 110 NE2d 175; People v. Halkens, 386 Ill 167, 53 NE2d 923. In the Bennett case the court stated:

"A defendant has a right to be tried by the law of the land, and a conviction secured through the use of improper questions designed to prejudice the jury in disregard of the law cannot be condoned." Id. at 605–606.

In People v. Decker, 310 Ill 234, 141 NE 710, the State's Attorney asked the defendant questions relating to whether he had ever been in trouble or had charges against him. The court ruled that such action would necessarily cause a reversal unless the evidence so clearly and conscientiously showed the defendant to be guilty that the court could say that such misconduct did not substantially prejudice the rights of the defendant.

██ There is no doubt that the question, "Have you ever been convicted of a felony?" was improper. The question remains—did the evidence, apart from the improper question, clearly and conscientiously show the defendant to be guilty? In a recent case, People v. Osborne, 78 Ill App2d 132, 223 NE2d 243, the defendant was asked whether he had ever been in a penal institution. There was an objection, a conference, the question was withdrawn and the judge instructed the jury to disregard it. The court, in affirming the conviction, condemned the practice of asking such questions, but concluded from the evidence presented, as well as the record as a whole, that the jury's verdict could not have been affected by the question. A judgment of conviction will not be reversed merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury may have resulted from such error. People v. Cavanaugh, 13 Ill2d 491, 150 NE2d 592.

██ In the present case, the evidence discloses that the defendant was arrested with stolen television sets in his possession. The State claims he took them from the showroom of Langenfeld Motor Company. The defendant claims he purchased them for a sum of $100. In support

166

of this contention he shows that he had $135 in cash the morning of the alleged offense and approximately $18 in his possession that evening when he was arrested. It is possible that he spent in excess of $100 or gave it away, or lost it. It is also possible that with this money he may have purchased four television sets from a stranger. We cannot say that the evidence conclusively shows him guilty. The question, "Have you ever been convicted of a felony?" could have been very influential on the jurors. Although the objection was sustained, the objection could only indicate to the jurors that the reason for the objection was that the answer would be in the affirmative. Such a conclusion could be very influential on their verdict. In the Decker case, supra, the court concluded: "There is no question more damaging to a defendant with a jury than one that suggests or intimates that he is a criminal or has been charged with criminal offenses." Id. at 243.

In Bartholomew v. People, 104 Ill 601, improper evidence regarding a prior conviction was introduced. In reversing the conviction the court stated: "(T)he jury might not have decided differently from what they did if this evidence had been excluded; but they might have done so, and plaintiff in error was entitled to the benefit of that chance." Id. at 609–610.

We believe that the question asked was a reversible error that might have affected the jury's decision.[1]

---

[1] In arriving at this conclusion we have not considered defense counsel's statement that "the State's Attorney made repeated references to the defendant's alleged previous convictions in his final argument, thus compounding the prejudicial damage already so well inflicted during the State's cross-examination of the defendant." However, chapter 37, section 655 of the Ill Rev Stats 1965, provides that "(t)he court reporter shall make a full reporting by means of stenographic hand or machine notes, or a combination thereof, of the evidence and such other proceedings in trials and judicial proceedings to which he is assigned by the

The defendant also contends that the court erred in admitting the testimony of the witness Linder. At the trial the defendant objected to the testimony upon the ground that it was unconnected with the defendant. This objection was overruled subject to the condition that the evidence would be connected up to the offense charged against the defendant. The State contends that the reason for Linder testifying first was to present a chronological sequence of events leading up to the arrest and that this evidence was such that a jury could find that the defendant was the driver of the car fleeing from the West Side Motor Company.

■■ The general rule is that evidence of other crimes wholly independent and disconnected from the crime for which the defendant is being tried is not admissible. People v. Tranowski, 20 Ill2d 11, 169 NE2d 347. However, in that case the court went on to say that there is a corollary to the general rule which allows evidence which serves to place the defendant in proximity to the time and place, or helps to establish identity and tends to prove design or motive. Here, the evidence elicited from the witness Linder, indicated that Dugger was attempting to break into a business firm in the vicinity of the place from where the television sets were stolen, identified a car which later proved to be that of the defendant, and thereby created circumstantial evidence from which the jury could conclude that the defendant was the driver. This evidence of a similar offense is admissible to place the defendant in proximity to the time and location of the offense charged. In People v. Cione, 293 Ill 321, 127 NE 646, the court stated: "The party cannot by multiplying his crimes diminish the volume of competent testimony against him." Id. at 332. We

chief judge, . . ." It would appear that the arguments are part of the proceedings of the trial and should be reported in both civil and criminal cases.

believe the testimony of Linder was properly admitted upon the condition of connecting up and that the State sufficiently connected up this testimony with the offense charged against the defendant.

█ The defendant further contends that the order in which the proof was entered was prejudicial and improper and therefore, grounds for reversal. The defendant relies upon the case of People v. Livermore, 390 Ill 85, 60 NE2d 413, where the court ruled that proof of other alleged similar offenses should not be admitted until there has been proof of the offense charged. Further reliance is placed on People v. Folignos, 322 Ill 304, 153 NE 373, which held that evidence of collateral offenses should never be admitted until evidence has been produced to implicate the defendant in the offense charged. As a basis for this rule the court cited Wharton on Criminal Evidence, 10th Edition. The 12th Edition of Wharton on Criminal Evidence, section 233, repeats the general rule that evidence implicating the defendant in the crime charged must be shown prior to evidence of other crimes. The section goes on to state: "The admissibility of such evidence, however, is within the discretion of the trial court, and will not be reversed in the absence of clear error, or of proof that prejudice has resulted from the error."

█ Although it was error for the court to admit the evidence in the order in which it was presented, we do not believe that prejudice resulted from the error. The State could have first shown that the defendant was arrested with the stolen television sets in his possession and then the testimony of Linder which would circumstantially place the defendant in the vicinity. The net result, we believe, would not be different.

█ The defendant further contends that when the Sheriff testified that the defendant admitted that he took the television sets, a hearing should have been granted to

determine the voluntariness of the alleged admission. The defendant concedes that his counsel failed to make a motion for such a hearing but contends that the court should invoke Supreme Court Rule 615 and remand so as to give the defendant an opportunity to file a motion. Rule 615 reads in part: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

In People v. Diggs, 81 Ill App2d 361, 225 NE2d 665, a police officer testified as to what the defendant had admitted. No objection was made nor was there a motion for a hearing on the admissibility of the confession. The defendant argued that it was the court's responsibility to see that procedural due process was not denied. The Appellate Court held that since the defendant did not object to the confession in the trial court, he could not now raise it on appeal. The only possible grounds for such a contention would be that counsel was incompetent, and that was neither alleged nor was there any evidence in the record for such an allegation.

The final point raised by the defendant is that he was convicted by and through his own testimony and therefore he should have been apprised of his right to remain silent and thereby avoid the possibility of self-incrimination. This contention fails for two reasons. First, it rests on the assumption that the only evidence incriminating the defendant was his own testimony. This assumption is false since there was evidence that the television sets were taken and that they were found in the possession of the defendant. Thus there was evidence other than the testimony of the defendant from which a jury could conclude that the defendant was guilty.

Secondly, defendant cites the case of People v. Jackson, 23 Ill2d 263, 178 NE2d 310, as authority for the proposition that the court must inform the defendant of his right to refuse to testify. In that case the defendant

made a confession without counsel at a preliminary hearing. The court held that where an accused is unattended by counsel and gives a judicial confession, it may not be used at the trial unless he was aware of or was advised by the court of his right to refuse to testify or that he knowingly and intelligently waived his privilege against self-incrimination. Id. at 268. In the present case the defendant was represented by counsel who was fully qualified to apprise the defendant of his rights and there is no indication that counsel failed in its duty. Under the circumstances of this case, we conclude that the trial court had no duty to advise the defendant of his right to remain silent.

For the foregoing reasons the judgment of the Circuit Court of Marion County is reversed and remanded for a new trial.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.