THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES W. WILSON, Defendant-Appellant.

(No. 74-184;

Second District (2nd Division)—September 30, 1975.

Ralph Ruebner and Ira A. Moltz, both of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, James W. Wilson, was indicted by the Lee County Grand Jury for the offense of armed robbery. He was subsequently found guilty at a jury trial and sentenced to three to nine years' imprisonment. He contends on appeal that he was not proven guilty beyond a reasonable doubt, that there was reversible error in not having the voir dire, opening statements and closing arguments reported, and that his sentence is excessive.

At a line-up approximately two months after the date of the instant offense, the complainant viewed five men, including defendant. The men were all viewed in different positions and spoke to the complainant. The complainant identified someone other than defendant.

At trial, defendant was prosecuted for robbery. The complainant testified that a man knocked on her door and made her give him her purse. The man had a gun. She did not identify defendant at trial and admitted identifying another at the line-up. The robber had a jacket pulled up below his eyes and the complainant could only see his forehead and hair.

A police officer testified that he found footprints in the snow going from complainant's house about 100 feet south, then straight east to the Campbell yard and ending at the street. From the imprint of the foot-

prints, it could be ascertained that the person who made them was running.

The final witness was Eugene Bonnell, an accomplice. Bonnell waited in a car while defendant went to the complainant's house, took the purse and returned to the car. To reach the car defendant ran from complainant's house across several residential lots. Defendant said the complainant was scared and had her hands in front of her face. Bonnell said this offense took place around 6:45 p.m. Defendant had a toy gun with him. Bonnell admitted that he was given immunity for his testimony and that indictments were pending against him for two other armed robberies.

The basis of defendant's contention that he was not proven guilty beyond a reasonable doubt is that the complainant did not identify him and that he was only identified as the guilty party by an accomplice. However, there is more evidence than this connecting defendant with the instant offense.

■■ The State must prove beyond a reasonable doubt that this particular defendant committed the crime charged. (*People v. Kidd,* 410 Ill. 271; *People v. Reed,* 103 Ill.App.2d 342.) Despite the suspicion with which the testimony of an accomplice is to be viewed, the uncorroborated testimony of an accomplice is sufficient for conviction if it satisfies the jury beyond a reasonable doubt, although where the accomplice has hopes of reward from the prosecution, his testimony is only to be accepted if it has the absolute conviction of truth. (*People v. Hermens,* 5 Ill.2d 277; *People v. Mostafa,* 5 Ill.App.3d 158.) Convictions based solely on accomplice testimony are reversed where the testimony of the accomplice is undermined by inherent inconsistencies or improbabilities in the testimony (*People v. Price,* 21 Ill.App.3d 665), where the testimony of the accomplice is contradicted by other testimony, (*Hermens*), where the accomplice is impeached by prior statements (*Mostafa*), or where the good reputation of the defendant in the community contrasts with the accomplice's criminal record (*Price*).

In the instant case we are not faced with uncorroborated testimony of an accomplice. The police officer's description of the path of the footsteps he observed in the snow matched the accomplice's testimony as to defendant's return from the complainant's house. The accomplice said that defendant utilized a toy gun. The complainant said that the man who robbed her had a gun. She could not tell whether it was real. The accomplice said the robbery occurred at about 6:45 p.m. The complainant said she was robbed at about 6:55 p.m. Defendant told the accomplice that the complainant threw her hands in front of her face. This accounts for her failure to accurately identify defendant. The complainant described the man who robbed her as 5'6" with dark hair. De-

fendant is 6'1" with brown hair. The description of the hair is accurate and the height differential is explained by the fact that defendant had his coat pulled up to his eyes and the complainant with her hands in front of her face had a poor opportunity to observe defendant. Complainant testified that there were credit cards in her purse. The accomplice also testified that there were credit cards in the purse taken. The testimony of the accomplice here has been corroborated by the officer and the complainant. It has not been contradicted in any respect.

■■ Although the victim cannot identify the defendant as the one who committed the offense, when an accomplice does and that accomplice testimony is corroborated by other testimony, a conviction will stand. (*People v. Durham*, 131 Ill.App.2d 1033; *People v. Sims*, 74 Ill.App.2d 352.) If the jury is convinced beyond a reasonable doubt that defendant is guilty we will not override their judgment unless it is clear that such a degree of proof is lacking. See *People v. Dell*, 77 Ill.App.2d 318.

■■ No transcript was made in the instant case of the voir dire, opening statements and closing arguments. This was pursuant to the usual practice in Lee County where neither counsel asks that these parts of the proceeding be transcribed. Counsel on appeal asked the trial judge for a bystander's report or an agreed statement of facts, ostensibly under Rule 323(c) and(d). (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c), (d).) The judge replied that he could not see that it was possible to make a report, but that he would make every effort to comply with the rule.

Defendant misapprehends the nature of Rule 323(c) and (d). The rule clearly places the burden on defendant, not on the trial judge, to prepare a report of proceedings or to agree upon a statement of facts with the prosecution. Defendant availed himself of neither of these courses of action. The record was thus not preserved on appeal.

"The responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant." (*People v. Smith*, 42 Ill.2d 479, 483.) In *Smith* the defendant argued on appeal that the prosecutor made prejudicial remarks in his closing argument. The closing argument, as in the instant case, was not reported. The court in *Smith* specifically refused to accept the contention that because the closing argument was not recorded, the defendant was precluded from showing its prejudicial nature and hence was entitled to a reversal. In *Smith*, as here, the defense attorney did not request that the closing arguments be reported. The court also noted that the remedy of Rule 323(c) indicated that the defendant was not prejudiced by the failure to record the closing arguments. See also *People v. Kasdictus*, 51 Ill.2d 72; *People v. Kline*, 16 Ill.App.3d 1017; *People v. Savage*, 8 Ill.App.3d 162; *People v. Palmeri*, 1 Ill.App.3d 1033.

*Palmeri* also held that the court did not have to advise the defendant of the right to have a court reporter present. This was so even though the defendant, unlike defendant in the instant case, was not represented by counsel.

*People v. Stark*, 33 Ill.2d 616; *People v. Couvion*, 33 Ill.2d 408; *People v. Seals*, 14 Ill.App.3d 413; *People v. Ring*, 89 Ill.App.2d 161, all cited by defendant, are factually inapposite. Among other things, each of these cases involved very real prejudice to a defendant and no fault on his part in not preserving the record on appeal. In the instant case there is absolutely no assertion of any particular prejudice to defendant at the voir dire, opening statement or closing argument. We will not engage in blatant conjecture as to some possible value a transcript of these three proceedings might have to defendant.

■■ Finally, defendant contends that his sentence is excessive. The minimum sentence for robbery is one year imprisonment. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) Defendant had a prior conviction for delivery of a controlled substance (LSD), for which he was put on probation. His probation officer indicated that he had consistently violated the terms of his probation and failed to report as directed. An appellate court should not reduce a sentence unless the trial judge clearly abused his discretion. (*People v. Taylor*, 33 Ill.2d 417.) The sentence in the instant case is not clearly erroneous; therefore, it must stand. See *People v. Koziol*, 11 Ill.App.3d 73.

For the foregoing reasons, the judgment of the Circuit Court of Lee County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.