**People of the State of Illinois, Plaintiff-Appellee, v. Jack J. Stepter, Defendant-Appellant.**

Gen. No. 50,714.

First District, Fourth Division.

December 16, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Brian L. Crowe and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSES CHARGED IN THE INDICTMENT

Murder * and aggravated battery.

JUDGMENT

After a bench trial, defendant was found guilty of both crimes. On the murder conviction he was sentenced to a term of 15 to 20 years, with a concurrent sentence of 3 to 5 years for aggravated battery. Defendant has appealed from the murder conviction only.

CONTENTION ON APPEAL

Defendant's sole contention is that he was not proven guilty of murder beyond a reasonable doubt.

EVIDENCE

On August 7, 1964, Mrs. Helen Higgs held a party in her home at 6208 South Morgan Street. Among the guests were Cornelius Owens (the deceased), Eddie Anderson, and defendant. During the course of the party Helen Higgs was shot in the leg by defendant in the bathroom. Mrs. Higgs subsequently emerged from the bathroom and, according to the testimony of Eddie Anderson: (1) Owens (the deceased) was standing between the kitchen and bathroom; (2) Owens shouted at defendant either

---

* Ill Rev Stats (1963), ch 38, § 9–1, provides in pertinent part:

§ 9–1. *Murder*

 (a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

 (1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
 (2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another;

"Don't shoot her" or "Don't kill her"; (3) Anderson heard the gun fire and saw Owens fall to the floor; and (4) he (Anderson) looked at defendant and saw the gun in his hand. Anderson did not actually see defendant pull the trigger.

According to the testimony of Helen Higgs, she was shot after a brief struggle with defendant in the bathroom while the door was closed; she heard only one shot; she ran downstairs but returned in response to defendant's pleas, and passed out shortly thereafter. (Anderson testified that he heard shots coming from the bathroom and that the gun again discharged when Owens was shot.) At the trial defendant admitted having the gun in his possession after removing it from a drawer, but stated that both Mrs. Higgs and the deceased were accidentally shot as he (defendant) and Mrs. Higgs struggled over the gun.

OPINION

■ It is undisputed that the deceased was killed by a shot fired from a gun in the hands of defendant. The defendant proffered his own testimony to show that the gun had been discharged accidentally. The trial judge obviously did not believe him. Other than in this testimony of defendant, which proved insufficient to raise a reasonable doubt in the mind of the trier of fact, the record does not disclose any mitigation, justification or excuse for the homicide, and thus the State's evidence was properly found sufficient to establish beyond a reasonable doubt all the essential elements of the crime of murder, including the requisite mental state. People v. Kelley, 29 Ill2d 53, 59, 193 NE2d 21.

■■ So far as mental state is concerned, it will be noted in the statutory definition of the crime (set forth in the footnote above) that the State need not prove that defendant intended to kill Owens, but only that he in-

tended to do him great bodily harm, and the intent may be implied from the character of the act. People v. Latimer, 35 Ill2d 178, 183, 220 NE2d 314.

 In the instant case the trial judge believed the testimony of Anderson that the deceased was shot as he yelled to defendant not to shoot Mrs. Higgs. The credibility of the witnesses is for the determination of the trial court and we will not substitute our judgment for his. People v. Henderson, 33 Ill2d 225, 210 NE2d 483.

We conclude that the defendant was proven guilty of murder beyond a reasonable doubt.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.