People of the State of Illinois, Plaintiff-Appellee, v. James Herron, Defendant-Appellant.

**Gen. No. 54,131.**

First District, Third Division.

May 21, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant James Herron was charged with murder. After a jury trial he was found guilty and sentenced to the penitentiary for a term of twenty to thirty years. Defendant appeals, contending that he was not proved

guilty beyond a reasonable doubt, and also that the trial court erred in excluding certain evidence. The facts are as follows.

The body of the deceased was found on August 31, 1967, in the weeds alongside a street near a racetrack. The police made a search of the area, but no weapons were found. After a stakeout by the police, defendant was arrested on September 9, 1967, when he entered a black 1965 Chevrolet convertible owned by deceased. Defendant told the police that he had the automobile because the owner had gone out of town and asked him to take care of it. Several days later, when confronted with a gun which the police obtained from his brother, defendant stated to the police that he lent the automobile and gun to a third party who did the shooting. Subsequently defendant made a statement to the police that it was he who shot the deceased; that the two of them were on their way to the racetrack, and deceased wished to borrow one hundred dollars. Defendant went on to say that he refused to give him the money and deceased drove into a dark, dead-end street; they started to argue and deceased took a knife from under the dashboard; that defendant then pulled out a gun, shot deceased and dragged the body into the weeds.

A friend of defendant testified for the State that on August 31, 1967, at about 10:30 p. m., defendant was driving the automobile owned by deceased, and told the witness that the automobile belonged to his wife. James Townsend, another friend of defendant, also testified for the State that on the same evening he met defendant at the races. They left the track in a 1965 black Chevrolet convertible, which defendant stated he had received from a man who had gone out of town for three weeks. During this conversation, defendant said that the owner of the auto was a homosexual. Townsend also testified that they drove to the home of defendant's brother, and defendant asked Townsend to deliver a gun to his brother.

20

Townsend started to comply with the request, when defendant took the gun and gave it to his brother himself. The police subsequently recovered the gun.

Defendant testified that he had known deceased for about three weeks prior to August 31, 1967. On that evening, he met deceased in a tavern, and they went in deceased's car to the races. On the way, deceased parked the car and asked defendant for one hundred dollars, but defendant refused. Deceased then offered to engage in homosexual activities with defendant for the money, but defendant also refused that offer. Defendant further testified that he tried to get out of the car, but deceased would not allow him, stating that he needed the money badly. After a brief struggle, deceased reached under the dashboard and procured a knife. Defendant reached in his pocket and pulled out his gun. Deceased lunged at defendant, who shot him once. The knife dropped somewhere in the car. Defendant further testified that he pulled deceased from the car into the weeds, drove back to the tavern and then to the races.

Defendant's first contention is that the State failed to prove him guilty beyond a reasonable doubt, arguing in effect that his was the only direct testimony about the shooting, and that therefore his testimony that he acted in self-defense created a reasonable doubt of his guilt.

 Whether defendant was justified in using force in self-defense was a question of fact to be determined by the triers of fact from all the circumstances shown by the evidence. People v. Brumbeloe, 97 Ill App2d 370, 240 NE2d 150 (1968). And the credibility of the witnesses and the inferences to be drawn from the evidence were matters for the jury. People v. Irvin, 104 Ill App2d 316, 244 NE2d 351 (1968).

 Under the Criminal Code, when the issue of self-defense is interposed by the introduction of evidence, it becomes the State's burden to prove beyond a reasonable doubt that the act was criminal. Ill Rev Stats 1967,

21

c 38, §§ 7–14 and 3–2. However the triers of fact were not bound to accept defendant's exculpatory statements as true even in the absence of directly contradictory evidence by other witnesses. People v. Aarhus, 111 Ill App 2d 167, 248 NE2d 820 (1969). Where defendant's exculpatory statements were contradicted by the facts and circumstantial evidence, the jury need not believe them, even though they were not directly contradicted by other witnesses. The People v. Warren, 33 Ill2d 168, 210 NE2d 507 (1965).

■ Similarly in the case at bar, the jury was justified in rejecting defendant's exculpatory statements. After the occurrence he told several conflicting stories. He told one friend that the automobile he was driving, which in fact was owned by deceased, belonged to his wife. He told another friend that he was taking care of the automobile for an acquaintance who was out of town. When arrested, defendant denied that he had shot deceased. He subsequently stated that a third party shot deceased. Finally when confronted with the gun recovered from his brother, he admitted to the police and testified at trial that he shot deceased, but acted in self-defense. In view of those conflicting stories and all the circumstances of the case, the jury was not required to believe that defendant had acted in self-defense. Clearly there were substantial inconsistencies between defendant's conduct and his exculpatory statements. It should also be noted that the knife alleged to have been used by deceased in his attack on defendant was never recovered despite an extensive search by the police. The jury was justified in rejecting defendant's testimony of self-defense, and the State sustained its burden of proving his guilt beyond a reasonable doubt.

Defendant also contends that the trial court committed reversible error in excluding certain evidence. The trial court refused to allow a Chicago Police Officer to testify for the defense that at one time in an incident unrelated

■■■■■■■■■■

to the instant crime he had arrested the deceased for engaging in a homosexual act. The defense also made an offer of proof that the police officer was familiar with the deceased's background. Defendant maintains that since he testified that deceased had solicited him for a homosexual act, the testimony of the police officer should have been allowed into evidence.

■■ Generally, evidence is admissible only if it is relevant and material to an issue. People v. Smith, 413 Ill 218, 108 NE2d 596 (1952). Evidence as to the violent disposition of the deceased and prior threats or misconduct by the deceased directed toward the defendant is admissible in a prosecution of the defendant for killing the deceased where defendant relies upon self-defense. People v. Davis, 29 Ill2d 127, 193 NE2d 841 (1963).

■ Without considering whether defendant's offer of proof was sufficient to establish that the police officer would testify as to deceased's reputation rather than to a specific act, we find that the trial court properly excluded the proffered testimony. Defendant was not attempting to prove through the police officer either that deceased had a general reputation for violence or that the officer was aware of any misconduct by the deceased towards defendant. There was not even an attempt by defendant to establish that persons with homosexual tendencies are more violent than persons not so disposed. Additionally, according to defendant, the sole reason for the assault by the deceased was to get money from him. Defendant never stated that he was forced to resist a sexual attack by deceased, and the alleged homosexual act had no relationship to the claim of self-defense. The testimony was properly excluded.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.