THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY NEAL, Defendant-Appellant.

(No. 73-243;

Third District—February 28, 1975.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (W. ·G. Schick, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Jerry Neal appeals from a conviction of the offense of attempted murder following a jury trial in the Circuit Court of Rock Island County. Defendant was sentenced to a term of 4 to 12 years in the penitentiary.

From the record it is apparent that defendant's former girlfriend had been dating the victim Denny West for some time prior to the incident. Steve Mascaro, a mutual friend who served as an intermediary between the two individuals, testified that there had been hard feelings between defendant and West for at least a month prior to the shooting. Mascaro testified that on several occasions defendant mentioned that he had a gun and was going to "get" West. However, Mascaro also indicated that West was willing to accept defendant's challenge. On April 22, 1973, defendant and his young son had purchased some .22-caliber shells to replace the supply they had used up in some target practice. On the way home, they stopped at a tavern for a drink and a coke. Before defendant got the beverages he noticed that his young son was playing on some of the parked cars and went out to get him. At this time, West, who had apparently not been seen by Neal in the tavern, came out and stood between defendant and defendant's car. West shouted at defendant

and said he wanted to settle the matter between them. There is conflict in the testimony as to what then occurred.

West stated that Neal simply pulled the pistol from his pants and shot him. Neal said that he shot West because West grabbed and broke his thumb. He stated that West lunged at him grabbing his thumb and that he was in fear of serious harm and pulled the loaded pistol from his belt and shot West in the stomach. When West kept coming, defendant said, defendant shot at him again, and the bullet whizzed past West's head. After this, West returned to the tavern where an ambulance was called for him. Defendant Neal then apparently returned to the bar himself to get drinks without mentioning the incident or seeking to aid the injured West. Neal subsequently received treatment for a compound fracture of his thumb. West denied grabbing defendant's thumb, but testified that he slapped the gun out of defendant's hand after the shots were fired, which action could possibly have caused the thumb fracture.

■■ It is first contended by the defendant that the State did not overcome his theory of self-defense beyond a reasonable doubt. Under the law of this State, where defendant raises the issue of self-defense, the burden is on the State to prove the contrary beyond a reasonable doubt. (*People v. Warren*, 33 Ill.2d 168, 173, 210 N.E.2d 507; Ill. Rev. Stat. 1973, ch. 38, pars. 3—2, 7—14.) The elements of a valid justifiable use of force in defense are (1) that the person threatened is not the aggressor, (2) that the danger of harm is imminent, (3) that the force threatened is unlawful, (4) that the person threatened must actually and reasonably believe that danger exists and that the use of force is necessary to avoid the danger, and (5) that in the use of deadly force, the threatened force must be such as will cause death or great bodily harm. (*People v. Dillard*, 5 Ill.App.3d 896, 901, 284 N.E.2d 490.) Defendant argues that all the elements of self-defense were shown at the trial and not overcome beyond a reasonable doubt by anything in the record.

■■ If the jury had chosen to believe the defendant's version of the incident, it could have found defendant not guilty on the self-defense theory. The question of self-defense, on the basis of the record, became an issue of fact to be determined by the jury, and as the trier of fact, the jury was not bound to accept defendant's theory of self-defense where the facts and circumstances proven can indicate a situation contrary to that asserted by defendant. (*People v. Warren*, 33 Ill.2d 168, 174, 210 N.E.2d 507; *People v. Herron*, 125 Ill.App.2d 18, 22, 260 N.E.2d 428.) The testimony in the cause before us showed that there had been "bad feelings" between the parties for at least a month and that several threats were made by defendant. The jury could consider the shooting incident referred to, defendant's casual attitude shown after the shooting

and West's denial that he assaulted defendant. On the basis of the record there was sufficient evidence to permit the jury to disregard defendant's theory of self-defense, as it apparently did. It was properly instructed on the issue.

■■ Defendant also argues that the State did not show the requisite intent beyond a reasonable doubt. In the prosecution for attempted murder, one of the elements is the intent to commit the specific offense of murder (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4(a), 9—1). Defendant asserts his lack of specific intent by pointing to his testimony on the issue of self-defense. In *People v. Latimer*, 35 Ill.2d 178, 182-3, 220 N.E. 2d 314, the Illinois Supreme Court stated that it is "not necessary to show the accused has formed an intent to kill in order to justify a murder conviction. It is sufficient to show that he voluntarily and willfully committed an act, the natural tendency of which was to destroy another's life, with the intent being implied from the character of the act." (See also *People v. Koshiol*, 45 Ill.2d 573, 262 N.E.2d 446; *People v. Coolidge*, 26 Ill.2d 533, 537, 187 N.E.2d 694.) The statement in the *Latimer* case concerning murder would equally be applicable to the charge of attempted murder, as the required intent would be the same. The evidence at the trial was sufficient for the jury to find the intent to murder once it had disregarded defendant's contention as to self-defense.

■■ Defendant next contends that it was error for the court to instruct the jury solely on the elements of "attempt" without also defining the elements of the crime attempted, *i.e.*, murder. Defendant did not tender a murder instruction. Ordinarily, the court has no duty to instruct on some aspect of the case where neither party requests such instruction. (*People v. Carvin*, 20 Ill.2d 32, 36, 169 N.E.2d 260.) As a general rule, also, a party may not complain of error in the giving or refusal of instructions where a party did not raise an objection or tender the refused instruction in the trial court. (*People v. Springs*, 51 Ill.2d 418, 424-5, 283 N.E.2d 225.) It is true that these rules are modified where plain error or substantial defects affecting important rights may be noted on appeal even though they were not brought to the attention of the trial court and this exception applies also to instructions (Ill. Rev. Stat. 1973, ch. 110A, pars. 615(a), 451(c)). The applicable rule is outlined in *People v. Gersbacher*, 44 Ill.2d 321, 255 N.E.2d 429, where the court stated, at pages 325-326:

> "Although it would have been preferable to instruct the jury on the elements of the crime attempted, after reviewing the record before us, we find that the evidence presented to the jury regarding the attempted murder was such that no error was occasioned by the failure of the court to give an instruction in this regard."

It is true that in the *Gersbacher* case, defendant had tried to strangle his victim and shot her three times in the head leaving her in a ditch after having abducted her at gun point and forcibly raping her three times and subjecting her to various unnatural sexual acts. While we have no such conduct involved here, however, the principle still obtains. This court has followed *Gersbacher* in two recent cases, *People v. Pulley*, 11 Ill.App.3d 292, 296 N.E.2d 373, and *People v. Moore*, 19 Ill.App.3d 334, 311 N.E.2d 401.

Defendant could have requested the murder instruction but failed to do so. We must conclude that the burden was on defendant to request the murder instruction, and that in absence of such request, the failure of the judge to so instruct was not reversible error in a case such as we have before us, where the jury was fully instructed on the issue of "attempt."

■■ It is finally argued by defendant that certain remarks by the prosecutor in closing argument were prejudicial and justify a reversal. Defendant notes the mention of the killing of Lee Harvey Oswald by Jack Ruby and asserted misstatements of facts concerning events leading up to the shooting in the instant case and the subsequent apprehension of the defendant by the police. We do not have a verbatim transcript of the closing argument before us. It appears that defendant waived a written transcript at the time of argument and that a tape recording was made. When defendant sought the recording for the purpose of this appeal, he was told by the State that the recording was lost. Defendant thus argues that he was denied his right to effective appellate review. The State replies that defendant could have attempted, but did not attempt, to secure a bystander's report of proceedings as provided in Supreme Court Rules 612(c) and 323(c) (Ill. Rev. Stat. 1973, ch. 110A, pars. 612(c), 323(c)). In *People v. Smith*, 42 Ill.2d 479, 248 N.E.2d 68, an argument was made by defendant that the unavailability of the transcript of the allegedly prejudicial closing argument deprived him of effective review. The supreme court said in that case at 42 Ill.2d 479, 483:

> "No specific remarks are mentioned, however, and the absence of specification is sought to be justified on the ground that 'the final arguments were not reported by the official reporter.' The defendant's position is that because the court reporter did not take down the final arguments of the attorneys, he is precluded from showing their prejudicial nature, and that his conviction must therefore be reversed. We cannot accept this contention. The responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant. [Citations.] The defendant's attorney made no request that the argu-

ments be taken down. Nor was the defendant prejudiced by the failure to report the argument in this case, since the common law and the rules of this court make adequate provision for the reconstruction of the proceedings at trial."

While there are distinctions between the facts in this case and those in the *Smith* case, and we believe that the State should have been more careful in preserving the tape recording, the provisions of Supreme Court Rule 323(c) on the reconstruction of the record would have sufficed in the cause before us. Such a "bystander's report" may not always be sufficient to show the possible prejudicial effect of a closing argument, but we cannot determine this without having such a substitute to examine. We must conclude that by failing to attempt a reconstruction of the record, defendant has waived his contention.

For the reasons stated, we conclude that the judgment of the Circuit Court of Rock Island County should be and is affirmed.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.