THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARNELL BRODANEX, Defendant-Appellant.

Third District   No. 75-18

Opinion filed August 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (James E. Hinterlong, and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

By leave of this court, on late notice, defendant appeals from a conviction entered on a verdict finding him guilty of aggravated battery, in violation of section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(1)).

On March 3, 1974, defendant was at the City Liquor Tavern on Kankakee's north side where he became engaged in a quarrel with the victim, Lawrence Williams, over an incident involving the latter's brother-in-law. Defendant went home and 2 hours later came back armed with a pistol and bringing his wife and child whom he left in his parked car. Williams was standing across the street near his own parked vehicle. After he got out of his car, defendant went behind it, and although his wife and child were still seated in the vehicle, from this vantage, he took aim and fired four shots at Williams. Then he ran into the street and, while pursuing Williams, fired two more shots. Williams was hospitalized for a month from five gunshot wounds, two of which had entered from the back, i.e., the back of his neck and in the buttock.

The witnesses for the State uniformly testified that Williams was unarmed, that he never fired a shot, and that no weapon of his was found anyplace. Defendant and his witnesses testified that Williams was armed,

but their testimony is conflicting, some saying Williams had a shotgun, others that it was a rifle, some that the gun was wrapped in a blanket so that only the butt could be seen while others could see only the barrel, and some said the weapon was in a zippered case and never actually seen. To explain the fact that no gun of Williams' was ever found, defendant argues that someone could have run off with it. Although defendant returned armed to the scene of his earlier quarrel bringing his wife and child, and although there is no evidence that any shot was ever fired on him or in his direction, he argues, nonetheless, that it was necessary for him to fire on Williams to protect himself and his wife and child from imminent danger. He also argues that his chase of defendant does not evidence that he was the aggressor since he did this to draw the "non-firing" Williams away from the car where his wife and child were so that they would not be endangered.

Defendant's thesis for reversal is that the proof does not negate beyond a reasonable doubt that he acted in self-defense. He contends that a court of review may, or must at times, and especially here, substitute its judgment for that of the jury as to whether he reasonably believed the use of force necessary, and as to whether the force used actually exceeded what could reasonably have been believed necessary. We reject these contentions.

It would make mockery of the constitutional right of trial by jury for an appellate court to substitute its judgment for that of a jury. The evidence here supports the conviction. The case of *People v. Hall*, 118 Ill. App. 2d 160, 254 N.E.2d 793 (1970), upon which defendant relies, is distinguishable. In that case it was held that a defendant was justified in returning armed to a dangerous scene where his wife had remained there in danger throughout the period. In the case at bar, however, defendant returned to the place where he had argued bringing his wife and child to a scene made dangerous by his own acts. Moreover, even assuming defendant reasonably believed Williams was armed, the wounded victim was certainly posing no threat to defendant or anyone when he was running down the street away from defendant and unarmed. Defendant's acts in firing more shots at his retreating, unarmed victim far exceeded any reasonably necessary force. (*People v. Atkins*, 2 Ill. App. 3d 272, 276 N.E.2d 36 (1st Dist. 1971).) The fact that there was some conflict in the testimony as to whether the victim was armed at all does not establish reasonable doubt to require reversal. *People v. Clanton*, 16 Ill. App. 3d 593, 306 N.E.2d 486 (1st Dist. 1973).

The judgment of the circuit court was correct and is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.