THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGE CONNELLY *et al.*, Defendants-Appellants.
Third District   Nos. 77-52, 77-56 cons.

Opinion filed March 9, 1978.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellants.

William Henderson, State's Attorney, of Macomb (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:
After a jury trial in the Circuit Court of McDonough County, defendants George Connelly and Paul Hayes were convicted of criminal trespass to land and aggravated battery. (Ill. Rev. Stat. 1975, ch. 38, pars. 21—3(a), 12—4(a).) They were sentenced to 30 days in the county jail for

trespass and one to three years in prison for aggravated battery. On appeal defendants challenge their aggravated battery convictions, claiming they were not proven guilty beyond a reasonable doubt.

About noon on June 27, 1976, Lloyd Hall and Gary Haskins began drinking beer in front of Hall's home in Macomb, Illinois. At approximately 2 p.m. Hall and Haskins went to the Peacock Inn to purchase some wine and while at the Inn encountered defendant George Connelly, a long-time social acquaintance. Hall and defendant Connelly had a conversation which Haskins described at trial as an argument, though neither of the alleged participants recalled arguing. After having a couple of drinks and buying a bottle of wine, Hall and Haskins left the Inn and returned to Hall's home. A short time later a car carrying Connelly, Hayes and three other men arrived. Defense witnesses testified that Hall flagged the car down and invited the occupants to stop. State witnesses denied any such invitation was given and testified that as soon as defendants got out of the car, Hall asked them to leave and told them he would call the sheriff if they did not go immediately. The men did not leave.

Hall went into his house, returned to the porch with a loaded shotgun, and advised defendants that he had called the sheriff. He again asked defendants to leave his property, and they refused. Hall fired the shotgun at a 45° angle directly over Hayes' and Connelly's heads. Defendants scattered and Hall pursued them threatening them with the gun and stating that he was going to "blow them away" and that he would "kill them." Defense witnesses testified that Hall also hit defendants with the butt of his gun as they attempted to retreat. Both State and defense witnesses agreed that Hall lunged at Connelly, sticking the barrel of the gun in defendant's throat and saying that he was going to "blow him away."

At this point Connelly grabbed the gun and Hayes jumped Hall from behind. The shotgun discharged a second time as defendants wrestled Hall to the ground and disarmed him. Defendant Connelly then smashed the shotgun on a nearby picnic table and State witness Haskins testified that Connelly and Hayes took turns beating the disarmed Hall about the head, back and stomach with the gun barrel until Hall lost consciousness. Officers from the sheriff's department arrived and Hall was taken by ambulance to the hospital. The entire incident from the time Connelly grabbed Hall's gun until the arrival of the officers lasted a maximum of 45 seconds.

■■ The only issue raised on appeal is whether the State failed to prove beyond a reasonable doubt that defendants were not justified in their use of force against Lloyd Hall. Defendants offered "some evidence" tending to prove they acted in self defense; therefore, the State had the

burden of proving defendant's guilt beyond a reasonable doubt as to that issue together with all other elements of the offense. Ill. Rev. Stat. 1975, ch. 38, pars. 3—2, 7—14; *People v. Williams,* (1974), 57 Ill. 2d 239, 311 N.E.2d 681.

Criteria for determining whether a defendant's use of force is justified as self-defense have been enumerated as follows:

"[T]he elements * * * [justifying] the use of force [in self-defense] are: (1) that force is threatened against a person; (2) that the person threatened is not the aggressor; (3) that the danger of harm is imminent; (4) that the force threatened is unlawful; (5) that the person threatened must actually believe: (a) that a danger exists, (b) that the use of force is necessary to avert the danger, (c) that the kind and amount of force which he uses is necessary; and (6) that the above beliefs are reasonable." *(People v. Williams* (1st Dist. 1965), 56 Ill. App. 2d 159, 165, 205 N.E.2d 749.)

Our attention in this case is focused on element 5(c). The State contends the evidence was sufficient to prove that defendants used more force than necessary to avert the danger posed by Lloyd Hall when defendants continued to stomp, kick and beat the victim after he was disarmed and lying on the ground. Defendants counter that, although when viewed in hindsight their conduct may seem excessive, it was reasonable at the time. Defendants point out that they had been acquainted with Hall for a number of years and knew that he possessed other guns besides the shotgun they had taken from him. Although they admit they continued to beat the victim after he was disarmed, defendants argue that they did so based on their reasonable fear that Hall might either pull a handgun from his pocket or flee to the house and get another weapon to continue his attack upon them. The short time span of the incident is cited by defendants as evidence that they continued to beat the victim only until their reasonable fear of imminent danger had subsided.

■■ Whether a person's use of force is justified under the doctrine of self-defense is a question of fact to be determined by the jury from consideration of all the evidence. *(People v. Neal* (3d Dist. 1975), 26 Ill. App. 3d 22, 324 N.E.2d 476.) In the case of a trespasser, the use of force against a property owner may, in certain cases, be justified on the basis of self-defense if the owner uses excessive force in attempting to remove the trespasser from the owner's property. *(People v. Dillard* (5th Dist. 1972), 5 Ill. App. 3d 896, 284 N.E.2d 490.) However, no amount of force by a trespasser can be justified unless the trespasser reasonably believes that force is necessary to alleviate the imminent danger posed by the landowner. A defendant may not continue to use force against an antagonist who has been disarmed or disabled. *People v. McBride* (1st Dist. 1970), 130 Ill. App. 2d 201, 264 N.E.2d 446.

■■  We believe there was sufficient evidence in the instant case to support the jury's conclusion that defendants' use of force was not justified. The jury heard evidence that Lloyd Hall was disarmed and lying on the ground as defendants continued to stomp, kick and beat him. Further evidence was adduced that defendants passed between themselves the barrel of Hall's useless weapon and took turns beating him with it until he lost consciousness. Thus defendants had disabled Hall and destroyed his weapon. Together with their companions they outnumbered the victim and his friend Haskins by at least five to two. Although defendants testified that they believed their continued beating was necessary to prevent further attack by Hall, the jury was not obligated to believe their version of the incident. (*People v. Neal.*) The jury could have properly concluded that a lesser amount of force would have been sufficient to preclude further attack by Lloyd Hall.

It was the judgment of the jury that defendants' use of force could not be justified as self defense, and this court will not substitute its judgment for that of the jury. (*People v. Brodanex* (3d Dist. 1976), 41 Ill. App. 3d 199, 353 N.E.2d 446.) The evidence here supports the conviction.

Therefore, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.