THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS GREGORICH, Defendant-Appellant.

Fifth District   No. 77-527

Opinion filed May 4, 1979.

Jack A. Strellis, of Gomric and Strellis, of Belleville, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Following a jury trial in the circuit court of St. Clair County, defendant, Douglas Gregorich, was found guilty of burglary and sentenced to a five-year period of probation.

The defendant appeals this judgment, raising three issues for our consideration: (1) whether the failure to make a verbatim transcript of the supplemental remarks of the court to the jury denies him effective

appellate review of their propriety; (2) whether the supplemental remarks of the court coerced the verdict or interfered with the deliberations of the jury to the prejudice of the defendant; and (3) whether the trial court erred in refusing to give a tendered instruction on criminal trespass to land.·

The instant conviction was obtained as a result of a second trial, the first trial having ended in a mistrial due to a "hung" jury. The evidence revealed that at approximately 3:45 a.m. on August 2, 1975, several police officers converged on an auto parts store in Belleville, Illinois, in response to its burglar alarm. They discovered a recently made hole, measuring approximately 1½ feet by 1½ feet, in a fiberglass garage door on the north side of the building. The defendant was immediately observed crouching behind a workbench and was subsequently arrested for burglary. Inside the building, several cabinets and tool drawers were found open, and some mechanic's hand tools were discovered in a cardboard box near the hole in the garage door.

The defendant's explanation for his presence in the premises was that he entered the building merely to investigate a break-in which had just occurred. He testified that after having an argument with his girlfriend, he wandered about the streets of Belleville. While "windowshopping" for some tires at the parts store, he heard some noise from the side of the building. He saw someone walking away about a half block from the building. Upon discovering the hole in the garage door, he crawled inside and went towards the tool cabinets. He then saw the police shining a flashlight on the door and ducked down to avoid being shot at.

The defendant introduced into evidence a written statement which he gave to a police detective on August 2. The statement relates that while walking down the street the defendant decided to break into the auto parts store, that he did so after making a hole in the garage door with a wooden 2X4, and that his purpose in breaking in was to steal some tools. The defendant explained that after the detective refused to believe the truth, he gave him the written statement so that he would have "something to believe."

Detective William Miller testified that the defendant did begin to give him an oral story inconsistent with that contained in the written statement but that after defendant was admonished to tell the truth, he agreed to do so and wrote out the statement, after being advised of his Miranda rights.

The jury commenced its deliberations at 3:10 p.m. At some time after 10 p.m. the State's Attorney and defense attorney met with the trial judge in chambers to inform him that they would be amenable to the declaring of a mistrial. In fact, the State's Attorney apparently asked the court to call the jury in and declare a mistrial. The judge then called the jury in at

approximately 10:30 p.m. After some communication was had between the judge and the jury, the jury resumed its deliberations and brought back a verdict within 20 minutes. No court reporter was present when the jury was called in, and, consequently, no verbatim transcript is available of the exchange which occurred between the judge and jury.

After the jury had reached its verdict but before it was announced, the opposing counsel and the trial judge made several remarks in an effort to clarify the record. The judge stated that the jury had been called in, and being of the opinion that despite the counsels' agreement he had the discretion to decide whether to declare a mistrial, he had asked each juror, without seeking any indication of where the jury stood, whether they could reach a verdict if given additional time. They each indicated they could, and within 20 minutes of returning to deliberate, the jury brought back a verdict. The defense attorney then made a showing that he was objecting to the fact that the court reporter had not been present when the jury was initially brought in. He further stated that he felt the statements of the court had not been proper. The jury subsequently announced its guilty verdict.

On April 1, 1977, defendant filed a post-trial motion, the third paragraph of which read as follows:

> "The Court erred when it communicated with the jury by stating to the jury that [*sic*], in substance, that a verdict must be reached by 11:00 p.m., or everybody is going home."

The truth of this factual allegation was subsequently asserted in affidavits of the defense attorney and his law partner. The post-trial motion was apparently denied without comment at the sentencing hearing and defendant commenced this appeal.

On July 14, 1978, the State filed a motion in the circuit court to amend and supplement the record on appeal, asserting that the judge did not communicate with the jury as alleged in paragraph 3 of the post-trial motion. After conducting an evidentiary hearing, the circuit court on November 1, 1978, made certain findings of fact which it ordered added to the record pursuant to Supreme Court Rule 329 (Ill. Rev. Stat. 1977, ch. 110A, par. 329). The following were among the findings: that the defense attorney objected to the absence of the court reporter after the relevant proceedings rather than prior to them; that the judge's communications with the jury had been basically as represented by him at trial; and that the judge did not communicate with the jury in the manner alleged in paragraph 3 of defendant's post-trial motion.

The defendant's first contention is that he has been denied effective appellate review of the propriety of the judge's supplementary remarks to the jury because no verbatim transcript of them is available. In

connection with this contention, defendant argues that the means employed by the State to amend the record was improper in that the State should have prepared a bystander's report of proceedings under Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)).

██ These arguments ignore several basic rules of law. First, a verbatim transcript is not necessarily required to meet the constitutionally mandated "record of sufficient completeness to permit proper consideration of the specific claims made by the defendant." (*People v. Hopping* (1975), 60 Ill. 2d 246, 251, 252, 326 N.E.2d 395, 398.) A bystander's report under Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)) provides an adequate means for reconstruction of the proceedings at trial in the absence of a verbatim transcript. (See *People v. Smith* (1969), 42 Ill. 2d 479, 248 N.E.2d 68; *People v. MacRae* (1977), 47 Ill. App. 3d 302, 361 N.E.2d 685.) Second, the burden in Illinois for proper preservation of the proceedings at trial rests upon the defendant. (*People v. Smith; People v. Bruhn* (1977), 51 Ill. App. 3d 269, 366 N.E.2d 932.) And third, the obligation to file a bystander's report of proceedings under Rule 323(c) is the defendant's, not the State's. See Ill. Rev. Stat. 1977, ch. 110A, par. 323(c); *City of Pekin v. Mann* (1976), 44 Ill. App. 3d 1, 357 N.E.2d 728.

██ In this case, the defendant chose not to take advantage of the opportunity to prepare a proposed bystander's report of proceedings. Rather, he chose to rely upon the allegation in his post-trial motion as a record of what the court's supplemental remarks were. By doing so, defendant has waived any contention of error with respect to both the sufficiency of the record and the coercive effect of the remarks. Assertions in a post-trial motion cannot serve as a substitute for a duly certified report of proceedings (*People v. MacRae; People v. Bruhn*), and where a defendant fails to take advantage of the liberal provisions in the rules of the supreme court which remedy the situation in which no verbatim transcript is available, he must be deemed to have waived his contentions of error (*People v. Bruhn; People v. Neal* (1975), 26 Ill. App. 3d 22, 324 N.E.2d 476).

Even if we were to assume that the judge actually did state to the jury that a verdict had to be reached by 11 p.m. or everybody would be going home, we would find that the judge's remarks neither coerced the verdict nor interfered with the deliberations of the jurors to the prejudice of the defendant (*People v. Pankey* (1978), 58 Ill. App. 3d 924, 374 N.E.2d 1114; *People v. Wilson* (1976), 37 Ill. App. 3d 560, 346 N.E.2d 161).

██ It cannot reasonably be said that this individual remark either implied that the jury should reach a particular verdict or that there was a time limit placed on the jury's deliberations. A juror could interpret this

remark to mean simply that he would be sent home if no verdict had been reached by 11 p.m. but that the jury would resume deliberations in the morning. We also note that the jury in this case was not "hopelessly deadlocked" at the time the judge addressed it. The jurors indicated before the remarks were made that they felt a verdict could be reached if they were given additional time. Furthermore, the remarks of the judge did not contain either the "heed the majority" or the "futility of a retrial of the issues" themes found in objectionable "Allen type" deadlock charges (*Allen v. United States* (1896), 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154). (See *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601; *People v. Pankey* (1978), 58 Ill. App. 3d 924, 374 N.E.2d 1114.) Considering all of these circumstances, we cannot find that the judge's remarks constituted error. *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133.

The final issue on appeal is whether the court erred in refusing to give defendant's tendered instruction on criminal trespass to land. Both parties have argued this issue on the basis of whether criminal trespass to land is a lesser included offense of burglary. Nevertheless, we need not consider this question since the instruction was properly refused on other grounds.

At the instructions conference, the defendant tendered a non-IPI instruction which purported to be an issues instruction for the charge of "criminal trespass." After this instruction was refused and the court had indicated that it felt the evidence would not support an instruction as to criminal trespass to land, the defendant orally tendered IPI Criminal No. 16.06, an issues instruction for the offense of criminal trespass to land. This instruction was also refused, and it is this denial which defendant claims was error.

We find that the court properly refused to give this instruction since, standing alone, it was an insufficient statement of the law. Criminal trespass to land is a narrow and specific offense which requires that the person entering upon the land of another must have received notice from the owner or occupant immediately prior to entry that such entry was forbidden. (Ill. Rev. Stat. 1977, ch. 38, par. 21—3(a).) In order to set out all of the law with respect to the offense, especially what constitutes notice, both IPI Criminal Nos. 16.05 and 16.06 must be given. The defendant, however, did not tender IPI Criminal No. 16.05, and consequently, his tendered instruction was properly refused. Where two instructions are necessary to set out all of the law on a subject but only one is tendered, that instruction is properly refused. *People v. Koch* (1978), 64 Ill. App. 3d 537, 381 N.E.2d 377; *People v. Shinn* (1972), 5 Ill. App. 3d 468, 283 N.E.2d 502.

We would make the further observation that there is absolutely no evidence in the record to establish the element of prior notice as defined

in the criminal trespass to land statute (Ill. Rev. Stat. 1977, ch. 38, par. 21—3(b)).

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

KARNS and KUNCE, JJ., concur.