THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEO PALMERI, Defendant-Appellant.

(No. 70-233; ▮▮▮▮▮▮▮▮▮)

Second District—November 2, 1971.

James L. Donohue, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Ronald T. Wade, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The People prosecuted the defendant, Leo Palmeri for three separate and distinct offenses involving failure to transfer title to motor vehicles in accordance with the provisions of Ill. Rev. Stat. 1967, Ch. 95½, pars. 4—103, 3—112, 3—113. The cases were heard by the court on the same day. Defendant was convicted of each offense. He was sentenced to five days on one offense, ten days on another and ninety days on the third, all to be served concurrently.

The three separate cases below were consolidated for this appeal. Defendant argues that the convictions should be reversed, or alternatively,

that a new trial should be granted because (1) he was not advised of his right to an attorney at the time of trial; (2) he was tried on the three unrelated charges at the same time; and (3) no court reporter recorded the proceedings.

In case *No. 16628* defendant was arrested on October 27, 1969, and charged with the violation of paragraph 4—103, *supra*. He appeared in court on January 7, 1970 with his attorney and waived a jury trial. The trial was set for February 13, 1970, and on that date neither the defendant nor his attorney appeared. A bench warrant was issued and defendant appeared with his attorney on February 20, 1970, and the case was set for trial for April 14, 1970. Neither defendant nor his attorney appeared on that date. The court then set the case for a May 1st trial date. On May 1st the defendant appeared without his attorney. Trial was delayed one-half hour for defendant to secure an attorney. The defendant then went to trial without an attorney and was found guilty by the court.

In case *No. 17234*, the defendant was arrested on January 9, 1970, and charged with a violation under paragraph 3—112, *supra*. He appeared on February 20, 1970 with an attorney, and waived a jury trial. The case was set for April 14th together with the previous case. At that time neither defendant nor his attorney appeared and the case was reset for May 1st and then heard after the previous charge had been heard.

In case *No. 17302*, defendant was arrested on January 20, 1970, and charged with a violation of paragraph 3—113, *supra*. Defendant and his attorney appeared in court, waived a jury trial on February 19, 1970. The case was set for the same date as the previous charges, April 14th. At that time neither defendant nor his attorney appeared. Defendant and his attorney appeared, however, on April 15th to have the three cases set for a May 1st trial date.

On May 20, 1970 the defendant appeared with his attorney for a hearing in aggravation and mitigation at which time the sentences were imposed.

■■ Defendant argues that the record must expressly show that he was advised of his rights to counsel at trial. However, no express waiver of counsel is required for offenses which are not punishable by confinement in the penitentiary. Ill. Rev. Stat. 1969, ch. 110A, par. 401(b); *The People v. Dupree* (1969), 42 Ill.2d 249, 256.

■■ Although the three unrelated offenses were heard on the same date they were not consolidated for trial. Defendant's argument that by setting the three cases for trial at the same time he was somehow prejudiced because of the increased penalties for second and third offenses (Ill. Rev. Stat. 1967, ch. 95½, par. 3—833) is without merit under the

facts. We fail to see how trials on separate dates would have avoided the increased penalty for subsequent offenses. Moreover, the defendant was represented by counsel at the time the three cases were set for trial and no objection was made nor was there any motion for severance, thus waiving any objection to the procedure. See *The People v. Woods* (1961), 23 Ill.2d 471, 474.

■■ Defendant's contention that the record must show that the defendant was advised of his rights to have a stenographic court reporter present at the time of trial, is also without merit. Defendant argues that it is unfair to place the burden of preserving the record for appeal upon a defendant, as the cases have held (e.g. *People v. Rockett* (1967), 85 Ill.App.2d 24, 31-32) when he has not been advised of the right for a court reporter to be present and is proceeding without counsel. The apparent election of the defendant to proceed without counsel did not require that the court review for him all procedural methods. (See *The People v. Richardson* (1959), 17 Ill.2d 253, 260. No prejudice can be said to result since defendant had the right to secure a "by-standers" report of proceedings under Supreme Court Rule 323(c) for the purpose of his appeal, and apparently for strategic reasons chose not to do so.

The judgments below are affirmed.

Judgments affirmed.

MORAN, P. J., and ABRAHAMSON, J. concur.