THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY WHITE, Defendant-Appellant.

(No. 59800; ▉▉▉▉▉▉▉▉▉

First District (5th Division)—February 14, 1975.

James J. Doherty, Public Defender, of Chicago (Edmund B. Moran, Jr., Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was convicted after a bench trial of the crime of battery in violation of section 12—3 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—3) and sentenced to 60 days in the House of Correction on

work release. On appeal he contends: (1) that the State failed to prove proper venue as alleged in the complaint, (2) that he did not knowingly waive his right to a jury trial, (3) that the trial court erred by allowing expert medical testimony to be given by a police officer who was not competent to give such expert testimony, (4) that he was denied equal protection and due process of law, due to his indigency, by the failure to provide him with counsel within a reasonable time after his arrest, and (5) that he was denied effective assistance of counsel and due process of law by appointment of an assistant public defender on the date of his trial who proceeded to trial that day without being properly prepared.

At trial the following pertinent evidence was adduced.

*Ellen Townsend for the State*

She is 13 years old and lives at 1366 North Mohawk. On July 19, 1973, at about 8 P.M. she was baby-sitting for her sister's three children when the defendant, her sister's boyfriend, came into the apartment and asked if anyone was in his room. Defendant entered his room and found Tontanesha, one of the three children, sliding a rug around the floor. The witness was standing in the doorway to defendant's room when she saw him "whup" the child five times with a belt. Tontanesha was lying on the floor and started crying immediately.

Two days later Tontanesha was taken to the University of Illinois Hospital in Chicago for treatment of the bruises. She admitted that at times she had punished the children by hitting them, but denied that she hit the baby at all on that night.

*Chicago Policewoman Judy Fritz for the State*

She works in the Area 4 Youth Division and was called to the University of Illinois Hospital on July 22, 1973, to investigate the circumstances surrounding a 2-year-old child who had been brought in by her aunt. She identified Tontanesha as the child she had seen at the hospital and that at that time she observed swelling and bruises on the child. She was allowed to testify, over defense objection, that in her opinion the bruises were a couple of days old.

*Defendant Gregory White testified on his own behalf*

On July 19, 1973, he went to visit the children's mother in the hospital and upon his return Ellen, the baby-sitter, told him the children had been fighting. He called the children together and talked to them about the fighting, but did not whip or discipline them in any way. Ellen had been with the children from noon until about 4 P.M., and at about 8 P.M. he was either in bed or watching television. He was first informed of the bruises when the child's mother received a phone call regarding these injuries while he was visiting her on July 22.

OPINION

Defendant first contends that the State failed to prove proper venue as alleged in the complaint. While the defendant admits that the complaint alleged the occurrence took place at 1510 W. 15th Pl., Chicago, Illinois, and that this would be satisfactory averment of venue, he argues that the State failed to prove this averment and thus failed to prove defendant guilty beyond a reasonable doubt of all elements of the crime.

An averment in an indictment that a crime was committed in a particular county is a material element in the State's case and must be proven beyond a reasonable doubt like all other elements. (*People v. Piehl*, 6 Ill.App.3d 296, 285 N.E.2d 612; *People v. Allen*, 413 Ill. 69, 107 N.E.2d 826.) At trial there was no evidence whatsoever as to the location at which the alleged crime occurred and thus no proof of venue. The State asks us to take judicial notice that "Area 4" from which the police officer was assigned is a geographic division of Chicago, and also that University of Illinois Hospital is in Chicago. They then ask to infer that venue is proved by the proximity of their locations to the address in the complaint. The Area 4 police officer was called 2 days after the alleged incident not because of the proximity of Area 4 to the alleged crime, but because the hospital is within that area. The hospital is the scene of the injured child's treatment, but has no relation to the location of the alleged crime itself.

The State refers to *People v. Clark*, 9 Ill.2d 400, 137 N.E.2d 820, and *People v. Pride*, 16 Ill.2d 82, 156 N.E.2d 551, in support of their argument that the court may infer from the facts that the incident took place in Chicago. These cases are distinguishable from the instant case. In these cases the court took judicial notice that venue was established based on testimony that the crime took place at a specific address even though no city or county was designated. In the present case the testimony related not to the scene of the crime, but rather to where the infant was treated 2 days after the alleged incident. We cannot infer from these facts that the crime occurred within the venue as alleged.

In light of our holding on this issue we need not reach defendant's other contentions. The judgment of the circuit court of Cook County is reversed.

Reversed.

DRUCKER and SULLIVAN, JJ., concur.