THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LANCE McCALLA, Defendant-Appellant.

Third District   No. 76-95

Opinion filed November 30, 1976.

Dale W. Broeder, of Chicago, for appellant.

Martin Rudman, State's Attorney, of Joliet (Daniel L. Doyle, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Will County sentencing the defendant, Lance McCalla, to pay a fine of $15 and court costs of $10. After a bench trial, the court found the defendant guilty of failure to reduce speed to avoid an accident. Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(a).

Defendant's primary assertion in this appeal is based on the fact that a detailed record of the bench trial was not made. No request was made at trial for either a court reporter or a tape recorder. Defendant's counsel assumed that a tape recording of the proceedings was being made, apparently because his practice is confined to Cook County where he alleges such recordings are always made. After the absence of a verbatim transcript became known to defendant, he nevertheless failed to obtain an agreed statement of facts or to file a bystander's report. Such substitutes for a verbatim transcript are provided for in Supreme Court Rule 323 (Ill. Rev. Stat. 1975, ch. 110A, par. 323), made applicable to criminal proceedings by Supreme Court Rule 612 (Ill. Rev. Stat. 1975, ch. 110A, par. 612).

Neither party has seen fit to call our attention to two recent decisions which are dispositive of the issue before us. *People v. Hopping*, 60 Ill. 2d 246, 326 N.E.2d 395, held that neither the Federal nor State constitutions require that a defendant be furnished with a verbatim transcript of the proceedings at which he acknowledged his guilt. A plea of guilty was entered in that case on a misdemeanor charge. This court in *People v. Lee*, 39 Ill. App. 3d 750, 350 N.E.2d 580, affirmed defendant's conviction on a misdemeanor charge and decided that *Hopping* also controlled where defendant had waived counsel, but a finding of guilty was entered only after a bench trial at which defendant had appeared *pro se*. In the instant case defendant was represented by counsel throughout the proceedings and objection is made only to the absence of a verbatim transcript. From the foregoing it is readily apparent that defendant's objection is without merit and the judgment will be affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.