THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID EUGENE OELSCHLAGER, Defendant-Appellant.

Third District   No. 79-954

Opinion filed July 8, 1980.

Harold M. Jennings and Michael J. O'Rourke, both of Bloomington, for appellant.

Thomas Homer, State's Attorney, of Lewistown (Edward R. Danner, Assistant State's Attorney, and John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant David Oelschlager was sentenced to a term of six months' imprisonment after pleading guilty to the charge of driving under the influence of intoxicating liquor. The defendant seeks, from this court, a reduction in his sentence to probation, and he argues that the trial court abused its discretion in imposing the penitentiary sentence, and not a probationary sentence.

Although no report of proceedings was prepared or filed, and although no alternative report has been prepared as provided for in Supreme Court Rules 614 and 623, nevertheless, the briefs and record on appeal do contain an account of the factual basis for the defendant's conviction. That account is undisputed. The presentence report of the probation officer, in the record, indicates that on March 10, 1979, the defendant, then age 27, went to visit two CETA workers in Farmington,

Illinois. On his way he drank a couple of beers in Brimfield and bought a six-pack, which he took with him to one of the workers' apartments in Farmington. The three each consumed a beer at the apartment and then proceeded to a tavern in Farmington. While there, the defendant drank 12 to 14 beers and became very intoxicated. The defendant later left the tavern to drive another patron to the patron's home in Canton.

Subsequently, during the early morning hours of March 11, while on his way home, the defendant saw an object fly past his windshield as he drove through Farmington. Believing the object may have been a body, the defendant panicked and fled. He did not stop but continued driving on through Farmington on Route 98. Then, about four miles out of town the defendant stopped to see if he could dislodge an object which had caught under his automobile in the accident. With the help of another individual who had stopped to assist him, the object was removed. From there the defendant proceeded to Elmwood, where he stopped at an all-night restaurant for breakfast. While defendant was there, an officer entered the restaurant looking for the owner of the defendant's auto. The defendant was placed under arrest.

Further facts set forth in the State's brief are based upon the police report of the accident and subsequent investigation and they are not disputed by the defendant. The report indicates that in the early morning hours of March 11, a young "paperboy" was struck by an automobile on Route 116, which automobile fled the scene. The defendant's automobile was described in the police report. Later, according to the report, pieces of the wagon the boy had been pulling were found by two citizens along Route 98 on the way to Elmwood. The police also received information from the individual who stopped to help the defendant remove the debris from under his auto. That individual informed the police that the defendant had told him that he had run over a sign. When the officer entered the Elmwood restaurant and questioned the defendant as to whether he had been in Farmington, the defendant said that he had, and the defendant asked, "How is he?" The officer replied, "How is who?" The defendant replied, "The kid I hit." The defendant was placed under arrest. He was charged with driving under the influence, improper lane usage, and leaving the scene of an accident with personal injury. He pleaded guilty to the DWI charge and received a sentence of six months' incarceration.

We begin our analysis by noting that an appellant has an affirmative duty to preserve and present an adequate record so that his claim of error can be reviewed. (*People v. Smith* (1969), 42 Ill. 2d 479, 248 N.E.2d 68; *People v. Lampson* (1975), 24 Ill. App. 3d 578, 321 N.E.2d 516.) Absent adequate presentation of the record by appellant, every reasonable intendment against the defendant is presumed on appeal.

The defense argues that the sentence imposed upon this defendant is not proportionate to the offense committed and thereby violates the sentencing guidelines set forth in article I, section 11 of the Illinois Constitution. (Illinois Const., art. I, §11.) The defendant argues that the appropriate standard of review is whether the trial court committed an abuse of discretion in sentencing *(People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), and argues that the court abused its discretion in this matter. The abuse of discretion argument by the defense, and its constitutional argument as well, stresses section 5—6—1 of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1), which states:

"(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice."

The defense argument on appeal is that the court failed to find the factors necessary to overcome the presumed availability of probation, and also that there was no evidence to support a finding that imprisonment was necessary to protect society or that it would deprecate the seriousness of the defendant's conduct and be inconsistent with the ends of justice.

■■■ As to the lack of findings in the record, the defendant's own failure to preserve an adequate record for review requires us to presume, in this case, that the findings were made by the trial court. The lack of findings, under the circumstances, does not require a reversal or remandment, especially where, as here, the undisputed evidence supports either exception under section 5—6—1 to the presumption of probation or conditional discharge as the sentence to be imposed.

The defense, in arguing for probation, notes that David Oelschlager has no prior criminal record and only a prior speeding violation at the time of the accident. He has strong family ties and had been steadily and gainfully employed. He has participated in community activities in the past. Also, according to the defense, he has sufficiently learned his lesson from the embarrassment, expense and disruption of his life caused by the accident and prosecution. Given these factors, the defense argues that the prison sentence would not be helpful and violates the purposes of sentencing in seeking to restore offenders to useful citizenship and to recognize rehabilitative potential. The defense suggests that the most

effective method of restoring this defendant to useful citizenship would be the imposition of probation with a condition that he engage the services of an alcohol rehabilitation facility. The defendant admitted to having an alcohol problem, although he denies alcoholism.

Other than the circumstances of the accident and the defendant's response thereto, the only other aggravating factor was that the defendant was convicted, a week after having his license suspended as a result of this case, for the offense of driving with a suspended license. The suggestion by defense, by way of reply brief, that the defendant "probably was not even aware that he was violating the law by merely driving one week later" is difficult to believe and totally without support in the record.

Sentencing questions are, of necessity, to be decided on a case by case basis, with deference to the trial court and its decisions in such matters. Examining the circumstances of the instant case, we conclude that the trial court did not abuse its discretion in sentencing the defendant to imprisonment for six months. The defendant has failed to show error in the court's decision. We are mindful, as was the trial court, of the exemplary prior history of the defendant and the factors weighing toward probation. However, there are other factors which operate adversely to a presumed probationary sentence. As mentioned, the defendant, with license suspended as a result of this "hit and run," continued to drive and was convicted of driving with license suspended. This conduct, along with his admitted alcohol problem, would support a finding that some incarceration was necessary for the protection of society in this case. We note also, as we have before, that incarceration is not without some rehabilitative aspects in some cases. See *People v. Gavin* (1969), 108 Ill. App. 2d 412, 248 N.E.2d 137.

A second basis for the sentence is that probation would deprecate the seriousness of the offense and be inconsistent with the ends of justice. The record in the case supports such a conclusion. The nature and circumstances of the offender's conduct in this case are a prime factor in support of that finding. The defendant drank over 14 beers on the night in question with the knowledge that he would have further driving to do that night. In the early morning hours of the following day (sometime shortly before 5:12 a.m.), while intoxicated, the defendant struck a paperboy walking with his wagon along a street in Farmington. It is apparent from his subsequent comments and statements that the defendant was aware that he had struck the youngster. Yet, instead of stopping to render assistance or to obtain medical aid, the defendant continued on in his automobile. He made no attempt to notify anyone, anonymously or otherwise, that the boy was in need of help, nor can we presume on the record that he was aware that the boy received, or would receive, help. The defendant's first stop after the accident was four miles

out of town, and it was made for the purpose of removing evidence of the accident. When someone stopped to help him in this effort, he told the samaritan that he had run over a sign. He then proceeded on his way to a restaurant to have breakfast.

■ This is not merely another DWI case. The defendant's failure to render assistance of any kind to the injured child, after striking him, and his attempt to remove evidence of the accident are serious actions without justification or excuse. That the defendant was intoxicated or that he was gripped by panic and fear do not excuse his behavior or the seriousness of his conduct. His entire concern, so far as his actions indicate, was for himself and not for the child he had injured. Under these circumstances, the trial court was in the best position to decide the appropriate sentence, and we find it did not abuse its discretion or err in failing to grant the defendant probation. As we have noted, the court could reasonably have concluded, from the evidence, that probation in this case would have deprecated the seriousness of the defendant's conduct and been inconsistent with the ends of justice.

Since the sentence imposed is sustained under either condition of section 5—6—1(a), the judgment and sentence of the Circuit Court of Fulton County is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.