THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY A. GOLD, Defendant-Appellant.

Third District    No. 81-12

Opinion filed September 2, 1981.—Rehearing denied September 28, 1981.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Defendant, who entered a blind plea on a charge of operating a motor vehicle with a revoked driver's license, was sentenced to a six-month term of imprisonment following a sentencing hearing. He appeals and raises a single issue. He claims ineffective assistance of counsel because counsel neglected to have the sentencing hearing transcribed. We affirm.

The offense in question is a misdemeanor. (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(a).) There is neither statutory nor case law requirement for the transcription of a sentencing hearing in a misdemeanor case.

Moreover, in this case, an adequate agreed statement of facts was filed by the parties. The agreed statement indicates the matters presented at the sentencing hearing by way of mitigation and aggravation. The record is sufficient in this case to review the sentencing proceedings. The method provided by our supreme court for perfecting a record on appeal in the absence of a transcript is, while not perfect, acceptable. Ill. Rev. Stat. 1979, ch. 110A, par. 323(c), (d); *e.g., People v. David* (1981), 96 Ill. App. 3d 419.

In order to justify a reversal of a conviction of the grounds of ineffective assistance of counsel in this case, defendant would have to demonstrate two points. First, that counsel neglected to do something that counsel should have done. And second, that the defendant was thereby prejudiced. Defendant's argument fails on both counts. There is no legal requirement that the sentencing hearing be transcribed. And, the defendant has demonstrated no prejudice by the lack of transcription.

For the reasons stated, the order of the Circuit Court of Tazewell County, denying the defendant's motion to vacate his guilty plea, is hereby affirmed.

SCOTT, P. J., and BARRY, J., concur.