THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE MALLEY, Defendant-Appellant.

Third District    No. 80-610

Opinion filed January 28, 1982.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, George Malley, was convicted of the offense of criminal trespass to a motor vehicle after a bench trial in the circuit court of Knox County. He was sentenced to a 180-day term of imprisonment. The defendant was represented by counsel, waived a jury trial and did not request a court reporter during any of the proceedings. The issue presented for review is whether the defendant is entitled to a verbatim transcript when he failed to request one at trial. We affirm.

■■ It is the practice in Knox County, as in many circuit courts throughout Illinois, not to have a court reporter present during traffic and misdemeanor matters. The facilities or personnel for preparation of a transcript of record in minor criminal cases are simply not available. Nor has this court found it necessary to require that a verbatim transcript be made. (*People v. Kline* (1974), 16 Ill. App. 3d 1017, 307 N.E.2d 398, *aff'd* (1975), 60 Ill. 2d 246, 326 N.E.2d 395, *appeal dismissed* (1975), 423 U.S. 907, 46 L.

Ed. 2d 136, 96 S. Ct. 209.) The Illinois Supreme Court under Rule 323(c) and (d) (Ill. Rev. Stat. 1979, ch. 110A, par. 323) has made available adequate alternatives to a verbatim transcript such as an agreed statement of facts or a bystander's report. (*People v. Gold* (1981), 99 Ill. App. 3d 468, 425 N.E.2d 1337; *People v. Gregorich* (1979), 71 Ill. App. 3d 251, 389 N.E.2d 619; *People v. McCalla* (1976), 44 Ill. App. 3d 42, 357 N.E.2d 857.) The defendant in the present case has filed an agreed statement of facts.

A State must afford an indigent with a record of sufficient completeness to permit proper consideration of specific claims made by a defendant. This requirement, however, does not translate into a verbatim transcript in each and every case. The United States Supreme Court has recognized alternate means such as an agreed statement of facts or a bystander's report. *Mayer v. City of Chicago* (1971), 404 U.S. 189, 30 L. Ed. 2d 372, 92 S. Ct. 410; *People v. Hopping* (1975), 60 Ill. 2d 246, 326 N.E.2d 395.

■■■ The responsibility for the proper preservation of the record before the trial court rests on the defendant. (*People v. Smith* (1969), 42 Ill. 2d 479, 248 N.E.2d 68; *People v. Brown* (1980), 90 Ill. App. 3d 742, 414 N.E.2d 475; *People v. Oelschlager* (1980), 85 Ill. App. 3d 695, 407 N.E.2d 222; *People v. Summers* (1977), 49 Ill. App. 3d 70, 362 N.E.2d 1347.) Where the record on appeal is incomplete, the court will indulge in every reasonable presumption favorable to the judgment or order appealed from. (*People v. Bruhn* (1977), 51 Ill. App. 3d 269, 366 N.E.2d 932.) Absent an adequate presentation of the record by the appellant, every reasonable intendment against the defendant is presumed on appeal. *People v. Oelschlager* (1980), 85 Ill. App. 3d 695, 407 N.E.2d 222.

■■ If a defendant fails to preserve the record for appeal, he waives his right to that record. The defendant must also take advantage of the other methods available if there is no verbatim transcript. (*People v. Gregorich* (1979), 71 Ill. App. 3d 251, 389 N.E.2d 619; *People v. Bruhn* (1977), 51 Ill. App. 3d 269, 366 N.E.2d 932; *People v. McCalla* (1976), 44 Ill. App. 3d 42, 357 N.E.2d 857.) Nor does this duty rest on the trial judge or the court reporter if the defendant does not preserve the record. *People v. David* (1981), 96 Ill. App. 3d 419, 421 N.E.2d 312; *People v. Wilson* (1975), 32 Ill. App. 3d 57, 335 N.E.2d 499, *rev'd on other grounds* (1977), 66 Ill. 2d 346, 362 N.E.2d 291; *People v. Palmeri* (1971), 1 Ill. App. 3d 1033, 275 N.E.2d 486.

■■ In the case at bar, the defendant failed to request either that a court reporter be present or that a tape recording be made of his trial. He has filed an agreed statement of facts but now claims it is insufficent to allege error or prejudice. The defendant has not made any specific allegations but merely claims he does not have appeal rights because he does not have a transcript. Where a defendant shows a colorable need for a

verbatim transcript as grounds for an appeal, then the burden is on the State to show that only a portion of the record or an alternative, such as a bystander's report, will suffice. (*Mayer v. City of Chicago* (1971), 404 U.S. 189, 30 L. Ed. 2d 372, 92 S. Ct. 410; *People v. Smith* (1969), 42 Ill. 2d 479, 248 N.E.2d 68; *People v. Brown* (1980), 90 Ill. App. 3d 742, 414 N.E.2d 475; *People v. Seals* (1973), 14 Ill. App. 3d 413, 302 N.E.2d 701.) However, that is not the case here, wherein the defendant has failed to carry out his duty to preserve the record. Nor can he claim that any efforts on his part to preserve the record were futile as he did not request a reporter or recording.

■■■ Finally, the defendant contends that if the burden to preserve the record for appeal rests upon the defendant, then the failure of defense counsel to request that either a court reporter be present or that a recording be made at trial constitutes ineffective assistance of counsel. In order to show ineffective assistance of counsel, the defendant must demonstrate that counsel neglected to do something he should have done and that the defendant was thereby prejudiced. (*People v. Gold* (1981), 99 Ill. App. 3d 468, 425 N.E.2d 1337; *People v. Brown* (1980), 90 Ill. App. 3d 742, 414 N.E.2d 475.) Waiving transcription of closing arguments is not ineffective assistance of counsel (*People v. David* (1981), 96 Ill. App. 3d 419, 421 N.E.2d 312; *People v. Morgan* (1981), 93 Ill. App. 3d 12, 416 N.E.2d 740; *People v. Brown* (1980), 90 Ill. App. 3d 742, 414 N.E.2d 475), nor is waiving transcription of *voir dire* (*People v. Gordon* (1980), 82 Ill. App. 3d 906, 403 N.E.2d 570), or of sentencing hearings (*People v. Gold* (1981), 99 Ill. App. 3d 468, 425 N.E.2d 1337). Since the defendant in the case at bar is not entitled to a verbatim transcript and he has shown no prejudice by the lack of a transcript, his argument fails.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.