THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL LUKE, Defendant-Appellant.

First District (4th Division)   No. 1—89—2972

Opinion filed September 9, 1993.—Modified on denial of
rehearing November 18, 1993.

Rita A. Fry, Public Defender, of Chicago (Fred Weil, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore Fotis Burtzos, Susan Schierl, and Christopher Daddino, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

After a bench trial, the judge convicted Daniel Luke of one count of battery and sentenced him to one year's probation with the first 120 days to be served in the Cook County Department of Corrections. The defendant appeals, making four arguments: (1) the State denied him due process and the effective assistance of counsel by failing to provide a complete transcript on appeal; (2) the State failed to prove he did not act in self-defense beyond a reasonable doubt; (3) the State

failed to prove venue; and (4) the judge applied an improper standard in finding the defendant guilty. We affirm.

Our review of the conviction is circumscribed by the record before us. One of the court reporters at the trial quit the office of the court reporter and refused to transcribe her trial notes. The record lacks a transcript of the State's case against defendant, including the testimony of complaining witnesses. In the absence of a transcript, the parties filed an agreed statement of facts which incorporated the State's case.

The State and defendant agree to the following facts: On April 25, 1989, defendant went to a bar at 3327 South Archer Avenue and drank 10 to 15 beers. Defendant then approached a woman, Lynn Aderman, and asked her to dance. She refused, and defendant called her a "bitch." Miss Aderman's boyfriend, Ronald Knor, approached defendant and asked him to leave. Defendant refused, and Knor and the defendant began to push and shove each other. Before a fight could break out, the owner of the bar intervened and asked defendant to leave.

At first defendant refused, but then he walked out a back door of the bar. He crossed the street and began walking up Archer Avenue. After defendant left the bar, the bouncer from the bar, Mike Couthran, left and followed defendant up Archer Avenue. Couthran pushed or hit the defendant from behind, and defendant's glasses flew off. A fight ensued between Couthran and defendant. Knor also left the bar, and seeing the fight, joined in on the side of Couthran. During the struggle, defendant pulled out a knife with a two-inch blade. Defendant slashed in the direction of Couthran and Knor. Couthran suffered a slash wound to his chest and a puncture wound to his stomach.

Eventually, defendant was held down and the knife taken from him. Police arrived and arrested him. The police took the defendant to the hospital where he was treated for a broken nose, cuts, bruises, and bumps about his head suffered in the incident.

The State charged defendant with two counts of battery, one against Knor, and one against Couthran. Defendant waived his right to a jury trial.

From this point on a transcript is available. Defendant testified that after he left the bar he walked up the street, and "the next thing he knew" he was attacked from behind and beaten. He did not know how many people attacked him; he knew only that he was being beaten about the head and face. He testified that after losing his glasses he was unable to see more than five feet from his face. Al-

though he was not sure who was attacking him, defendant saw the arms as they swung and struck him in the head. He testified that he feared for his life and believed someone was trying to beat him to death. He crouched down, pulled his knife, and began swinging it to ward off the attackers.

The trial judge found defendant not guilty of the battery count against Knor, the boyfriend, but guilty of the count against Couthran, the bouncer. The judge subsequently denied defendant's motions for a reduction of sentence and for a new trial.

Defendant first contends that the failure of the State to provide him with a complete, verbatim transcript of the proceedings deprived him of due process. (Ill. Const. 1970, art. I, §2; U.S. Const., amend. XIV.) Defendant's argument relies on *Griffin v. Illinois* (1956), 351 U.S. 12, 100 L. Ed. 890, 76 S. Ct. 585, where the Supreme Court held that a State must afford an indigent defendant "as adequate appellate review as defendants who have money enough to buy transcripts." (*Griffin*, 351 U.S. at 19, 100 L. Ed. at 899, 76 S. Ct. at 591.) Illinois Supreme Court Rule 605 concurs with this requirement: "In all cases in which the defendant is found guilty and sentenced to imprisonment, probation or conditional discharge *** the trial court shall, at the time of imposing sentence *** advise the defendant *** of his right, if indigent, to be furnished, without cost to him, with a transcript of the proceedings at his trial or hearing." (134 Ill. 2d R. 605.) Rule 607 sets out the steps to be followed to insure that an indigent defendant receives a report of proceedings at no cost. 134 Ill. 2d R. 607.

Since *Griffin*, the Supreme Court has clarified an indigent's right to a transcript. The State must furnish a record of sufficient completeness to permit proper consideration of his claims. (*Draper v. Washington* (1963), 372 U.S. 487, 499, 9 L. Ed. 2d 899, 907, 83 S. Ct. 774, 780-81.) Alternative methods, such as a bystander's report or agreed statement of facts, may be adequate to remedy a gap in the trial transcript. (*Draper*, 372 U.S. at 495, 9 L. Ed. 2d at 905, 83 S. Ct. at 779.) "A 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." (*Mayer v. Chicago* (1971), 404 U.S. 189, 194, 30 L. Ed. 2d 372, 378, 92 S. Ct. 410, 414.) Where the grounds of an appeal make out a colorable need for a complete transcript, however, the burden is on the State to show that only a portion of the transcript or an alternative is adequate for an effective appeal. *Mayer*, 404 U.S. at 195, 30 L. Ed. 2d at 378-79, 92 S. Ct. at 415.

Defendant contends that a full transcript is necessary to adequately consider his arguments on appeal. Because the missing portions of the transcript contain only the two complaining witnesses' testimony, we find no colorable need for a complete transcript to fully consider defendant's venue argument or the standard employed by the trial judge to convict him.

We recognize a need for the complaining witnesses' testimony to adequately consider defendant's self-defense argument, however. The State responds that the agreed statement of facts is sufficient to consider the issue on appeal, and that defendant failed to obtain a bystander's report and therefore cannot complain that the record is inadequate on appeal.

■ We hold that a defendant in a criminal case, whether indigent or not, cannot agree to a statement of facts, fail to obtain a more detailed alternative to a transcript such as a bystander's report, and then argue on appeal that the record is insufficient. It is the defendant's duty to preserve the record on appeal. (*People v. Malley* (1982), 103 Ill. App. 3d 534, 431 N.E.2d 708.) Supreme Court Rule 323(c) provides: "If no verbatim transcript of the evidence of proceedings is obtainable the *appellant* may prepare a proposed report of proceedings from the best available sources, including recollection." (Emphasis added.) 134 Ill. 2d R. 323(c).

We read the Supreme Court cases of *Griffin, Draper*, and *Mayer*, and Illinois Supreme Court Rules 605 and 607, as shifting the financial burden of obtaining a transcript rather than the administrative burden of preparing the record on appeal. *Mayer* made clear that if the State cannot prove that there is no need for a portion of the transcript where the need is apparent or colorable, then the State must provide the transcript. (*Mayer*, 404 U.S. at 195, 30 L. Ed. 2d at 379, 92 S. Ct. at 415.) But an indigent defendant represented by court-appointed counsel is not relieved of his duty to prepare an agreed statement of facts, a bystander's report, or, in the alternative, to call upon the contempt powers of the court to compel a reluctant court reporter to prepare a verbatim transcript, merely by reason of his indigency. *People v. Malley* (1982), 103 Ill. App. 3d 534, 431 N.E.2d 708.

Here, a portion of the transcript is missing through no fault of the parties, and defendant stipulated to an alternative to a verbatim transcript: he filed an agreed statement of facts. Defendant's brief indicates that the agreed statement of facts incorporates the State's case against the defendant. We conclude that there is little merit to defendant's contention that he was denied due process because of the incomplete trial transcript filed on appeal.

■ Defendant also argues that the failure to provide a complete transcript on appeal necessarily renders defense counsel ineffective. As in the due process argument, we decline to allow defense counsel to manufacture their own ineffectiveness by agreeing to a statement of facts and then arguing that the agreed statement leaves counsel ineffective. Also, we do not find this to be a case where prejudice against the defendant is presumed by counsel's activity. (See *People v. Moore* (1990), 133 Ill. 2d 331, 549 N.E.2d 1257 (prejudice is presumed where appeal is dismissed for want of prosecution).) Here, we find that defendant was not prejudiced by the lack of a complete, verbatim transcript because he agreed to a statement of facts which incorporated the portion of the transcript which is missing. See *Malley*, 103 Ill. App. 3d at 537 (rejecting claim of trial counsel's ineffectiveness for not preserving verbatim transcript); *People v. Cooper* (1986), 148 Ill. App. 3d 412, 499 N.E.2d 599 (failure to brief every issue on appeal does not constitute ineffectiveness unless issue shown to be patently meritorious).

Defendant next argues the State failed to prove that he did not act in self-defense beyond a reasonable doubt. The Illinois Criminal Code of 1961 provides:

"[A person] is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony." (Ill. Rev. Stat. 1991, ch. 38, par. 7—1.)

Once the defendant introduces some evidence to support the claim of self-defense, the State then has the burden of proving that the defendant did not act in self-defense beyond a reasonable doubt. Ill. Rev. Stat. 1991, ch. 38, par. 3—2.

Our courts have broken down a claim of self-defense into five elements. The use of force is justified when: (1) force is threatened against the person; (2) the threatened person is not the aggressor; (3) the danger of harm is imminent; (4) the threatened person actually believes (a) a danger exists, (b) the use of force is necessary to avert the danger, and (c) the kind and amount of force he uses is necessary; and (5) each of the above beliefs is reasonable. (*People v. Miller* (1991), 211 Ill. App. 3d 572, 570 N.E.2d 515.) If the State negates any one of these elements beyond a reasonable doubt, it has met its burden and the defense must be rejected. *People v. Murillo* (1992), 225 Ill. App. 3d 286, 587 N.E.2d 1199.

■ Whether the State disproves a claim of self-defense is a question of fact to be decided by the trial court. (*People v. Graca* (1991),

220 Ill. App. 3d 214, 580 N.E.2d 1328.) If we conclude on review that a rational trier of fact could find that the defendant was not justified in his use of force, then we must affirm. *People v. Newbern* (1991), 219 Ill. App. 3d 333, 579 N.E.2d 583.

The trial judge found that defendant's response to being attacked by Mr. Couthran was excessive and unreasonable under the circumstances. The judge noted that he found the complaining witness' version of the events closer to the truth than defendant's version. It is particularly within the province of the trier of fact to decide the credibility of witnesses. (*People v. Armstrong* (1993), 244 Ill. App. 3d 545, 614 N.E.2d 427; *People v. Burnett* (1975), 35 Ill. App. 3d 109, 341 N.E.2d 86.) Further, where the only testimony in support of self-defense comes from the defendant, the judge, in his discretion, may accord the testimony less weight in light of its self-serving nature. (*People v. Murillo* (1992), 225 Ill. App. 3d 286, 587 N.E.2d 1199; *People v. Rowe* (1977), 45 Ill. App. 3d 1040, 360 N.E.2d 436.) We decline to disturb the trial judge's assessment of witness credibility in this case and so conclude that the State has met its burden.

Defendant next argues that the State failed to prove venue beyond a reasonable doubt. The Illinois venue statute provides in relevant part: "Criminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law. All objections of improper place of trial are waived by a defendant unless made before trial." (Ill. Rev. Stat. 1985, ch. 38, par. 1—6(a).) In *People v. Hagan* (1991), 145 Ill. 2d 287, 583 N.E.2d 487, the Illinois Supreme Court reaffirmed the rule that venue is a material allegation which must be proved beyond a reasonable doubt along with the other elements of an offense.

■ Circumstantial evidence may supply proof of venue. (*People v. Allen* (1952), 413 Ill. 69, 107 N.E.2d 826; *People v. Sims* (1993), 244 Ill. App. 3d 966, 612 N.E.2d 1011.) Such evidence may establish venue if the only rational conclusion that can be drawn from the facts and circumstances is that the offense was committed in the county alleged in the charging instrument. (*People v. Smith* (1980), 91 Ill. App. 3d 242, 414 N.E.2d 751.) It has been held that certain evidence, such as the testimony of Chicago police officers, use of street addresses by witnesses, and the use of "Cook County" in the complaint, are sufficient to establish venue by circumstantial evidence. *People v. Gutirrez* (1990), 205 Ill. App. 3d 231, 564 N.E.2d 850; *People v. Bucciferro* (1976), 37 Ill. App. 3d 211, 345 N.E.2d 738.

Each of these elements is present here. The complaint alleges that the offense occurred at "3327 S. Archer, Cook County, Chgo, Il."

Similarly, both complaining witnesses testified that the offense occurred at 3327 S. Archer Avenue. Chicago police officer O'Connor confirmed 3327 S. Archer as the location of the offense. These circumstances taken together are enough to prove that the offense occurred in Cook County. (See *People v. Kucala* (1972), 7 Ill. App. 3d 1029, 288 N.E.2d 622.) We distinguish *People v. White* (1975), 26 Ill. App. 3d 659, 325 N.E.2d 313, where the court found insufficient proof of venue. In *White* there was no evidence of a specific street address where the offense occurred. See *White*, 26 Ill. App. 3d at 661; *Gutirrez*, 205 Ill. App. 3d at 252.

■ Defendant finally argues that the trial judge used an improper standard to convict him. The trial judge stated in his finding: "The State has convinced me that the instances of the first complaining witness *** more likely than not occurred in the manner in which he described. For that reason I cannot excuse him from being accountable for his actions with regard to the first complaining witness." Defendant contends that this indicates the trial judge employed a "preponderance of the evidence" standard to convict him of a criminal offense.

Defendant's argument is unpersuasive. The quote does not refer to the standard the judge employed in weighing all the evidence in the case, but only his assessment of the credibility of the first complaining witness. The prosecution need not prove that each witness spoke only the truth beyond a reasonable doubt. (See *People v. Marino* (1970), 44 Ill. 2d 562, 256 N.E.2d 770 (each link in a chain of circumstances does not have to be proven beyond a reasonable doubt).) Instead, the judge or jury need only conclude that all the evidence, when viewed as a whole, proves each essential element of the offense beyond a reasonable doubt. *People v. Hine* (1980), 88 Ill. App. 3d 671, 410 N.E.2d 1017; *People v. Griffin* (1977), 47 Ill. App. 3d 1012, 365 N.E.2d 487.

Affirmed.

JIGANTI,* P.J., and JOHNSON, J., concur.

---

*Justice Jiganti participated in the disposition of this case prior to his retirement.