702 N.E.2d 606 (1998)
299 Ill. App.3d 881
234 Ill.Dec. 266
In re W.L.W. III, a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
A.W. et W.W., Respondents-Appellants).
Nos. 2-98-0245, 2-98-0246.
Appellate Court of Illinois, Second District.
October 27, 1998.
*607 Phyllis J. Perko (Court-appointed), Law Offices of Harlovic & Perko, West Dundee, for W.W. Father in No. 2-98-0245.
Timothy J. McCann, Kendall County State's Attorney, Yorkville, Martin P. Moltz, Deputy Director, Peggy F.J. Bradford, State's Attorneys Appellate Prosecutor, Elgin, for the People in No. 2-98-0245.
Guardian Ad Litem, for W.L.W. Ill in Nos. 2-98-0245 and 2-98-0246.
Phyllis J. Perko (Court-appointed), Law Offices of Harlovic & Perko, West Dundee, for A.W. Mother in No. 2-98-0246.
Timothy J. McCann, Kendall County State's Attorney, Yorkville, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, for the People in No. 2-98-0246.
*608 Presiding Justice GEIGER delivered the opinion of the court:
The respondents, A.W. and W.W., appeal from the October 7, 1997, and February 18, 1998, orders of the circuit court of Kendall County terminating their parental rights to their minor child W.L.W. Ill and appointing the Illinois Department of Children and Family Services (DCFS) as guardian of the minor with the power to consent to adoption. On appeal, the respondents argue that they were denied the effective assistance of counsel when their trial counsel failed to arrange for a court reporter to transcribe the trial proceedings below. Lacking these transcripts, the respondents contend that they have been effectively deprived of their right to appeal under section 1-5(1), (3) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/1-5(1), (3) (West 1996)). We affirm.
On April 16, 1996, two days after the birth of the minor, the State filed a petition for adjudication that the child was abused and neglected. Specifically, the petition alleged that the mother, A.W., had abused and neglected her other children. Additionally, the petition alleged that the father, W.W., had abused and neglected his other children, including committing acts of sexual molestation.
On May 2, 1996, the trial court entered an order adjudicating the minor neglected as a result of the risk of harm alleged in the petition. On June 6, 1996, the parties entered into an agreed dispositional order whereby the minor was made a ward of the court and placed into the care, custody, and guardianship of DCFS for appropriate placement. With reference to the obligations of the respondents, the dispositional order provided as follows: (1) that the respondents undergo any evaluations or assessments recommended by DCFS and Catholic Social Service (CSS); (2) that the respondents participate and successfully complete any and all service tasks recommended by DCFS and CSS; (3) that the respondents submit to random drug and alcohol testings at 24 hours' notice; (4) that W.W. cooperate with a sexual offender assessment and successfully comply with all recommendations; and (5) that all visitation be supervised by DCFS and CSS.
Thereafter, periodic progress reports were submitted to the trial court by DCFS and CSS. On June 4, 1997, the State filed a petition to terminate the respondents' parental rights. As amended, the petition alleged that the respondents had failed to cooperate with the requirements detailed in the dispositional order. Specifically, the State alleged that (1) neither parent had visited the minor on a regular basis; (2) neither parent had displayed a reasonable degree of interest in the minor; (3) A.W. failed to obtain suitable housing for herself and the minor; (4) A.W. failed to obtain a drug assessment and to follow recommendations; (5) A.W. failed to complete a parenting assessment; and (6) A.W. failed to provide an adequate care plan for the minor.
On September 9, 1997, the trial court held a hearing on the State's petition for termination and entered an order terminating the respondents' parental rights on October 7, 1997. Specifically, the trial court found that the respondents had failed to (1) make reasonable efforts to correct the conditions which initially resulted in the removal of the minor; (2) make reasonable progress toward the return of the minor; (3) visit with the minor on a regular basis; (4) display a reasonable degree of interest in the minor or to cooperate with DCFS and CSS plans; (5) provide suitable housing for themselves or the minor; and (6) comply with the directives of DCFS/CSS regarding assessments, care plans, visitations, and parenting classes.
On February 18, 1998, the trial court held a best interests hearing. Following the hearing, the trial court entered an order granting DCFS guardianship of the minor with the power to consent to adoption. Both respondents filed a timely notice of appeal and these appeals were consolidated by this court on April 15, 1998.
As their sole contention on appeal, the respondents argue that they have been deprived of their right to the effective assistance of counsel and the protections provided by the Act (705 ILCS 405/1-5(1), (3) (West 1996)) by reason of the absence of a complete *609 record on appeal. Specifically, the respondents argue that their trial attorney was ineffective because he did not request that a court reporter be present for the relevant hearing dates culminating in the trial court's judgment terminating their parental rights. Moreover, the respondents contend that their trial counsel did not prepare a bystander's report or agreed statement of facts as permitted by Supreme Court Rule 323(c) (166 Ill.2d R. 323(c)). As a result of these omissions, the respondents contend that they have been deprived of any meaningful appellate review of the proceedings below and that they have therefore been deprived of their right to be heard under the Act (705 ILCS 405/1-5(1), (3) (West 1996)).
At the outset, we note that the responsibility for the proper preservation of the record before the trial court rests on the appellant. People v. Smith, 42 Ill.2d 479, 483, 248 N.E.2d 68 (1969). If the appellant fails to preserve the record for appeal, he waives his right to that record. People v. Medley, 103 Ill.App.3d 534, 536, 59 Ill.Dec. 207, 431 N.E.2d 708 (1982). Where the record on appeal is incomplete, the reviewing court will indulge in every reasonable presumption favorable to the judgment or order appealed from. People v. Bruhn, 51 Ill. App.3d 269, 271-72, 9 Ill.Dec. 421, 366 N.E.2d 932 (1977).
Moreover, when there is no verbatim transcript, the appellant is obligated to take advantage of the other available alternatives. People v. Gregorich, 71 Ill.App.3d 251, 255, 27 Ill.Dec. 555, 389 N.E.2d 619 (1979). Supreme Court Rule 323 provides the appellant with a means to reconstruct an absent record. 166 Ill.2d R. 323(c). Under this rule, a proposed report of proceedings may be prepared by the appellant from the best available sources, including recollection, and submitted to the trial court for approval. 166 Ill.2d R. 323(c). Alternatively, the parties may stipulate to a statement of facts material to the controversy. 166 Ill.2d R. 323(d).
The respondents assert that their trial counsel was ineffective in failing to preserve an adequate record on appeal. As respondents correctly note, parents are entitled to effective assistance of counsel in proceedings that seek the termination of their parental rights. In re R.G., 165 Ill.App.3d 112, 127, 116 Ill.Dec. 69, 518 N.E.2d 691 (1988). In order to show ineffective assistance of counsel, the respondents must demonstrate that trial counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the outcome of the proceedings would have been different. In re R.G., 165 Ill.App.3d at 127-28, 116 Ill.Dec. 69, 518 N.E.2d 691.
In the instant case, it clearly would have been preferable for the respondents' trial counsel to secure verbatim transcripts of the proceedings below. However, the pivotal question before us is whether the respondents were prejudiced as a result of this failure. The respondents initially argue that they are not required to demonstrate actual prejudice because their attorney's conduct constituted a failure to perfect their right to appeal. The respondents contend that, in such instances, prejudice is presumed. See People v. Moore, 133 Ill.2d 331, 339, 140 Ill.Dec. 385, 549 N.E.2d 1257 (1990); People v. Cole, 287 Ill.App.3d 147, 149, 222 Ill.Dec. 671, 678 N.E.2d 78 (1997).
Our reading of the relevant authorities, however, demonstrates that prejudice is presumed only in those instances where the party's trial counsel fails to file a timely notice of appeal after the party has expressly requested him to do so, or where the appeal is dismissed as a result of appellate counsel's failure to comply with the rules governing appellate procedure. See Moore, 133 Ill.2d at 339-40, 140 Ill.Dec. 385, 549 N.E.2d 1257; Cole, 287 Ill.App.3d at 149, 222 Ill.Dec. 671, 678 N.E.2d 78. Instead, where the ineffective assistance claim concerns trial counsel's failure to secure transcripts, reviewing courts require a showing of prejudice. See People v. Berger, 109 Ill.App.3d 1054, 1064, 65 Ill. Dec. 600, 441 N.E.2d 915 (1982); Medley, 103 Ill.App.3d at 537, 59 Ill.Dec. 207, 431 N.E.2d 708. For example, in Berger, defense counsel failed to secure a transcript of closing arguments and the trial court's findings. Berger, 109 Ill.App.3d at 1063, 65 Ill.Dec. 600, 441 N.E.2d 915. The reviewing court rejected the defendant's contention that he *610 had been deprived of his right to appeal, holding that the defendant had failed to demonstrate specific prejudice resulting from the absence of the record. Berger, 109 Ill. App.3d at 1064, 65 Ill.Dec. 600, 441 N.E.2d 915. A similar conclusion was reached in Malley, where defense counsel failed to have any of the trial proceedings transcribed. Malley, 103 Ill.App.3d at 536-37, 59 Ill.Dec. 207, 431 N.E.2d 708. In both Berger and Malley, no bystander's report was filed on appeal. Berger, 109 Ill.App.3d at 1064, 65 Ill.Dec. 600, 441 N.E.2d 915; Malley, 103 Ill.App.3d at 536, 59 Ill.Dec. 207, 431 N.E.2d 708. See also People v. Morris, 229 Ill. App.3d 144, 156-57, 171 Ill.Dec. 112, 593 N.E.2d 932 (1992).
Additionally, we note that the absence of a transcript does not preclude appellate review in cases involving the termination of parental rights. See In re Dawn H., 281 Ill.App.3d 746, 754-55, 217 Ill.Dec. 396, 667 N.E.2d 485 (1996). In Dawn H., the court reporter was unable to locate her stenographic notes containing the testimony of the minor's father and the case worker who monitored the case. Dawn H., 281 Ill.App.3d at 752, 217 Ill.Dec. 396, 667 N.E.2d 485. When the parties were unable to reach agreement as to the content of the bystander's report, the trial court filed its own certified bystander's report. Dawn H., 281 Ill.App.3d at 752, 217 Ill.Dec. 396, 667 N.E.2d 485. On appeal, the father argued that the loss of the court reporter's notes, the inability of the parties to agree as to the contents of the testimony, and the fact that the father's proposed report differed from the trial court's certified report required a new trial. Dawn H., 281 Ill. App.3d at 752, 217 Ill.Dec. 396, 667 N.E.2d 485.
The reviewing court in Dawn H. affirmed the trial court's decision to terminate the father's parental rights. Dawn H., 281 Ill. App.3d at 753, 217 Ill.Dec. 396, 667 N.E.2d 485. After reviewing the evidence available in the record, including the testimony of various social workers, the court ruled that the termination decision would not have been different even if the verbatim transcripts had been available or if the father's proposed bystander's report had been accepted and certified. Dawn H., 281 Ill.App.3d at 758, 217 Ill.Dec. 396, 667 N.E.2d 485. The court noted that the available evidence clearly supported the trial court's findings that the father had failed to maintain a sufficient degree of interest in the minor child, to visit the child on a regular basis, and to follow the service plan and communicate with DCFS. Dawn H., 281 Ill.App.3d at 756-58, 217 Ill. Dec. 396, 667 N.E.2d 485.
Turning to the instant case, the respondents have failed to indicate how they were prejudiced by their trial counsel's failure to obtain verbatim transcripts. Indeed, the respondents have not alleged the existence of any reversible error that might have been revealed by such transcripts. Absent such a threshold showing of prejudice, the respondents cannot prevail on their claim of ineffective assistance of counsel. See People v. Mays, 91 Ill.2d 251, 259, 62 Ill.Dec. 945, 437 N.E.2d 633 (1982); Berger, 109 Ill. App.3d at 1064, 65 Ill.Dec. 600, 441 N.E.2d 915; Malley, 103 Ill.App.3d at 536-37, 59 Ill.Dec. 207, 431 N.E.2d 708. For this same reason, we cannot say that the respondents have been deprived of the hearing and appeal guarantees provided under the Act (705 ILCS 405/1-5(1), (3) (West 1996)).
In the instant appeal, the respondents have made no effort to take advantage of the alternatives available to them under Rule 323(c). When a transcript is not available and the appellant fails to supplement the record on appeal as provided under Rule 323(c) and does not cite as error anything which occurred at the hearing, the reviewing court may presume that no error occurred. See People v. Owens, 58 Ill.App.3d 37, 41, 15 Ill.Dec. 502, 373 N.E.2d 848 (1978).
Finally, we note that there is sufficient evidence appearing in the common-law record to support the trial court's termination. See Dawn H., 281 Ill.App.3d at 758, 217 Ill.Dec. 396, 667 N.E.2d 485. Such evidence includes numerous CSS reports monitoring the respondents' progress in complying with the trial court's dispositional order. These reports indicate that A.W. failed to fully participate in individual counseling and did not comply with DCFS's follow-up recommendations. *611 These reports also indicated that W.W. had not fully attended parenting classes and also had not followed the recommendations of DCFS. Moreover, despite being offered the opportunity to visit the minor 18 times during the course of a year, A.W. had visited the minor only five times and W.W. had only visited once. It is also apparent that neither A.W. nor W.W. had made any efforts to secure suitable housing for the minor. Finally, we also note that the trial court was required to enter a rule to show cause after A.W. did not comply with the random urine screens and W.W. did not cooperate in completing a sexual offender's assessment. From such evidence, we believe that the trial court could reasonably determine that the respondents had not shown a reasonable degree of interest in the minor and that they had not made reasonable efforts to correct the conditions for which the minor was originally removed. See Dawn H., 281 Ill.App.3d at 756-58, 217 Ill.Dec. 396, 667 N.E.2d 485.
Moreover, the trial court's findings expressly indicate that it considered all matters of record, including the respondents' fitness to act as parents. The record demonstrates that A.W. had previously been adjudicated neglectful for physical abuse, failure to protect, and failure to provide adequate supervision. A.W. is also currently serving a prison term in the Illinois Department of Corrections for a forgery conviction and has two daughters in DCFS placement with maternal grandparents. As for W.W., the record demonstrates that he had previously been adjudicated neglectful for risk of harm, physical abuse, and sexual molestation and penetration. W.W. also has a history of being uncooperative with DCFS. Based on such matters of record, as well as the information contained in the CSS reports, we believe there was sufficient evidence contained in the common-law record to support the trial court's orders terminating the respondents' parental rights and granting DCFS the power to consent to adoption. See Dawn H., 281 Ill.App.3d at 758, 217 Ill.Dec. 396, 667 N.E.2d 485.
For the foregoing reasons, the judgment of the circuit court of Kendall County is affirmed.
Affirmed.
INGLIS and RATHJE, JJ., concur.